# EXHIBIT "B"



Murray, Stone & Wilson, PLLC
One Belmont Avenue
Suite 310
Bala Cynwyd, PA 19004
(215) 947-5300

November 21, 2022

<u>Via Email: lshenk@c-wlaw.com</u>
Lois M. Shenk, Esquire
450 Sentry Parkway; Suite 200
Blue Bell, PA 19422

  Re: <u>Torello vs. Platinum Healthcare Group, LLC; Platinum Health at Westgate, LLC d/b/a Westgate Hills Rehabilitation and Nursing Center et al.</u>
    United States District Court for the Eastern District of Pennsylvania
    Civil Case No.:  2:22-cv-01271

Dear Counsel,

  I am writing in regard to Defendants' responses to Plaintiff's Interrogatories and Requests for Production of Documents (Set I, II, and III) in the above referenced matter. Please allow this letter to serve as Plaintiff's good-faith effort to address Defendants' deficient discovery responses, as follows:

### Plaintiff's Request for Production of Documents Set I

**Request No. 8**: This request seeks all documents that reflect the names, job title, termination date (if applicable), and last known address of all former employees, of the nursing staff who worked in the facility during the residency. Plaintiff is willing to limit this request to only staff who provided care to the resident. Nursing personnel routinely testify that they work as a team, providing assistance and care whether or not they are specifically assigned to a given resident. Contrary to Defendants' objections, the information sought in this request will assist in identifying potential fact witnesses with relevant, discoverable information. Plaintiff requests the employment dates to ensure there are no current employees improperly contacted. This request seeks basic discovery and cannot be considered overly broad or unduly burdensome, as it is limited to Mr. Torello's period of residency. Please provide the requested information without further delay.

**Request No. 9**: This request seeks all 24-hour reports (a/k/a shift change reports) that reference or relate to the resident in any way. (See, Instruction No. 3, above). As you are aware, it is routine for nursing facilities to maintain 24-hour reports, which contain information regarding a resident's condition at the end of a shift. This documentation is directly relevant to Mr. Torello's condition and the care she received at the Facility and should be produced.

**Request No. 10**: This request seeks all incident and accident reports, including all attachments and related statements, which pertain to the resident. These documents comprise a part of the care record of Mr. Torello and detail injuries she sustained during her residency at the Facility; i.e., the precise substance of Plaintiff's claims against the Defendants. Plaintiff is

unquestionably entitled to these documents and Defendants have no legitimate basis to withhold this documentation. Please forward Defendants' responsive documents immediately.

**Request No. 11**: This request seeks all Event Reports submitted by the facility to the Pennsylvania Department of Health that pertain to the resident. Please forward responsive documents, as this information is clearly discoverable and pertains directly to Mr. Torello.

**Request No. 16**: This request seeks all documents related to investigations performed by Defendants or their agents, relating to the resident, prior to the date Defendants were served with original process in this matter. Contrary to Defendants' objections, the information sought by this Request discovery as it is likely to lead to the discovery of admissible evidence. The information sought by this Request is limited to resident. The information sought by this Request could lead to the discovery of admissible evidence since it would demonstrate the facility's knowledge of problems in the facility (i.e. resident care issues) and what was being done in response to these problems. Further, it will show how and when the information was passed along or provided to corporate persons and how they responded once they became aware of such problems.

**Request No. 23**: This request seeks the budget(s) in place at the facility during each fiscal year during which any portion of the residency occurred. Contrary to Defendants' objections, this information is relevant to determine whether the facility met its obligations in that regard. In addition, Plaintiff has alleged that the facility was understaffed resulting in neglect to the facility's residents. This information is relative to the expense and cost of the operation of the facility, and the expenses incurred for training and hiring of the nursing staff. Plaintiff claims Mr. Torello's injuries are due to institutional neglect brought on by a failure to sufficiently staff and adequately supply Defendants' facility. Budget and financial information is at the heart of this issue. Budgetary information will provide evidence of where, when, and how much money was spent on care; and will provide information as to the expense and cost of operating the Facility, including the hiring and training of nursing staff. Accordingly, please withdraw your objections and provide all responsive documents.

**Request No. 25**: This request seeks all contracts and/or agreements for management services that were in effect at the facility during the residency. Plaintiff is entitled to know whether the Defendants contracted with any other entities, who may have played a role in the management and operation of the Facility. Plaintiff is also entitled to evidence which will reveal the corporate practices detailed in the Complaint; i.e., the diversion of money away from resident care towards nebulous and undefined administrative services and other operational costs.

**Request No. 44**: This request seeks all resident council meeting minutes pertaining to meetings that took place during the residency and one year prior. (See Instruction No. 3, above). Resident council meetings are the residents' venue for expressing their grievances and complaints to facility personnel and representatives. The minutes of these meetings evince the unvarnished and unbiased evaluation of the Facility from the point of view of the people most affected by the facility's standards and practices; the residents themselves. Further, resident council minutes are likely to establish notice to the facility of problems experienced by resident and what actions, if any, were taken in response to concerns raised at the resident council, all of

which is highly relevant to Plaintiff's negligence claims. To the extent documentation responsive to this request contains the names or identities of any other residents, that information can simply be redacted. Accordingly, please forward all responsive materials.

**Request No. 46**: This request seeks the reports used at the facility to document daily census and staffing PPD during the residency and one (1) year prior. These documents will demonstrate precisely the practice outlined in Plaintiff's Complaint, specifically, that Defendants purposefully and deliberately understaffed their facility relative to the number of residents at the facility, and how much care those residents required (i.e., acuity),to maximize reimbursement levels and minimize expenses to ultimately boost profits. These documents will further demonstrate whether Defendants adjusted the Facility staffing levels to correspond to a higher number of residents and/or the acuity level of the resident population. As a gesture of good-faith, Plaintiff will agree to limit this request to the period of residency and six months prior. Accordingly, please forward all responsive documentation reflecting the Facility's daily census and PPD for this limited time period.

**Request No. 50**: This request seeks the facility's nursing staff schedules and sign-in sheets pertaining to the days and shifts of the residency. These documents will identify potential fact witnesses in this matter, and will provide evidence of overall facility staffing levels, and Plaintiff is entitled to same.

**Request No. 59**: This request seeks all documentation of calls to the Defendants' complaint hotline and investigations into such calls, as well as any written complaints or grievances received by the Defendants during the residency and six months prior, pertaining to: a. the facility's staffing levels; b. call light response times and/or lack of response; and, c. the resident. The request is specifically and narrowly tailored to only issues which are relevant to Plaintiff's claims. Further, documents responsive to this request will demonstrate Defendants' notice of care issues and other problems existing at the facility, which is obviously relevant to the negligence claims herein. Further, to the extent any documents responsive to this request contain the names of any residents, that information can simply be redacted. Accordingly, Defendants' boilerplate objections have no merit and Defendants should forward all responsive documents.

**Request No. 69**: This request seeks all agreements and contracts pursuant to which the facility's accounts receivable and/or revenue were pledged during the residency. Defendants are part of a vertically integrated system of entities which contribute in various ways to the operation and management of the facility. This system allows the corporate defendants herein to funnel monies and profits away from the facility and/or care services at various stages, to the harm and detriment of the facility's residents.

## Plaintiff's Request for Production of Documents Set II

**Request No.1**: This request seeks all emails, email conversations and email strings that pertain to the resident and which were authored and/or received by Defendants' employees and agents, excluding communications between Defendants and their counsel. As a gesture of good faith, Plaintiff is willing to limit this request to emails, email conversations and email strings by

the DON and NHA for time period of January 1, 2020, to April 18, 2020. Please forward all responsive materials.

**Request No.2**: This request seeks all emails, email conversations and email strings that were authored and/or received by the facility's Regional Director of Operations, Regional/Corporate/Clinical Nurse Consultant, Administrator/Executive Director and Director of Nursing/Nursing Services, limited to emails written during the residency and one year prior, which contain the following search terms including any and all derivatives thereof: Staff; Labor; Hours; Overtime/OT; Missed Punch; Late Punch; PPD; HPPD; Budget; Census; Costs; RUG/Resource Utilization Group; Case Mix/CMI; Payer Mix; Expenses; RTH/Return to Hospital; Discharge/D/C; Transfer; Bell; Light/Call Light; Survey; Deficiency; Rehospitalization; Fall(s); Fracture(s); Head injuries; Hematoma(s); Infection; and Torello. As a gesture of good faith, Plaintiff is willing to limit request to the following terms:

- Staff;
- Labo;
- PPD;
- Budget;
- RTH;
- RUG;
- Torello;
- Fall; and
- Census.

**Plaintiff's Request for Production of Documents Set III**

**Requests No.1-3**: These requests seek (RPD No. 1) any policies of insurance coverage each Defendant carries that may afford potential coverage for the claims, this includes officers and directors' policies, excess polices, umbrella polices, or professional liability policies; (RPD No. 2) any applications for medical professional liability insurance made by any Defendant to cover the Residency; and (RPD No. 3) any documents evidencing a denial of an application for coverage made by any insurance carrier for medical professional liability insurance to cover the Residency. Plaintiff is unequivocally entitled to receipt of all insurance policies which potentially provide coverage for this matter. In addition, Plaintiff's claims may substantially surpass coverage limitations and Plaintiff is therefore entitled to the requested information regarding excess carrier insurance. Please forward responsive documents.

**Requests No.4 and 5**: These requests seek (RPD No. 4) any correspondence by and between any Defendant and any insurance carrier regarding the seeking or denial of medical professional liability insurance for any Defendant to cover the Residency; and (RPD No. 5) any correspondence with the Pennsylvania Department of Health or the Department of Human Services regarding the procurement or absence of medical professional liability insurance for the Facility to cover the Residency. Certainly, Plaintiff is entitled to know if the Defendants were without or denied insurance coverage during the course of Mr. Torello's residency.

**Request No.6 and 7**: This request seeks a copy of the proof of medical professional liability insurance sent to the Pennsylvania Department of Insurance to cover the Residency as required

by 40 P.S. § 1303.711(b); and a copy of any notice sent by the Pennsylvania Department of Insurance to any Defendant sent as required under 40 P.S. § 1303.711(c). Plaintiff is unequivocally entitled to receipt of all insurance policies which potentially provide coverage for this matter. Please forward responsive documents.

**Request No. 8**: This request seeks any documents memorializing any Defendants' participation in the Medical Care Availability and Reduction of Error Fund as required by 40 P.S. § 1303.711(e) during the Residency. Plaintiff is unequivocally entitled to receipt of all insurance policies which potentially provide coverage for this matter. Please forward responsive documents.

Please be advised that if I am not advised of your clients' position on the above issues within ten (10) days of the date of this letter, I will have no choice but to file the appropriate motion. Thank you for your attention to this matter.

> Respectfully,
> **MURRAY, STONE & WILSON, PLLC**
>
> _/s/ Matthew T. Stone_
> Matthew T. Stone, Esquire
> mstone@mswlawgroup.com

MTS/jh
Enclosure
Jonathan D. Levitan, E squire (via email: Jonathan@jdlevitanlaw.com)
Mark A. Humphrey, Esquire (via email: mark@humphreylawgrouppa.com)