# EXHIBIT B

| | |
|---|---|
| **From:** | Lois Shenk |
| **To:** | Matthew Stone - MURRAY, STONE & WILSON, PLLC (mstone@mswlawgroup.com); Josselynn Hernandez |
| **Cc:** | Kandy Fling; Amanda Stack; mark@humphreylawgrouppa.com; Jon Levitan |
| **Subject:** | FW: Claim No.: Nancy P. Torello, Administratrix for the Estate of Ramon J. Torello, (1753-89272B) |
| **Date:** | Thursday, December 22, 2022 3:32:32 PM |
| **Attachments:** | Staff Westgate0048-52.pdf |
| | Previous Employees Westgate0060-61.pdf |
| | Supplemental Responses and Objections to Plaintiff RFPD set I.pdf |
| | Incident Reports Westgate0053-59.pdf |
| | 12-22-22 to Plf counsel with Supplemental Responses to RFPD I.pdf |

Matt,

Please see attached cover letter with supplemental responses to request for production (Set I), numbers 8, 10, 11, 46 and 59  with bates stamped documents.

Lois

**LOIS M. SHENK, ESQUIRE| Partner**

# CIPRIANI & WERNER PC

450 SENTRY PARKWAY, SUITE 200 | BLUE BELL, PA  19422
**(MAIN)** (610) 567-0700; **(DIRECT)** (610) 862-1868; **(CELL)** (215) 510-4822; **(FAX)** (610) 567-0712 | lshenk@c-wlaw.com

# CIPRIANI & WERNER

### A PROFESSIONAL CORPORATION

————

### ATTORNEYS AT LAW

LOIS M. SHENK, ESQ.
lshenk@c-wlaw.com

450 Sentry Parkway, Suite 200
Blue Bell, PA  19422

Phone:  (610) 567-0700
Fax:  (610) 567-0712

Visit us online at
www.C-WLAW.com

December 22, 2022

**<u>Via Email</u>**
Matthew T. Stone, Esquire
Murray, Stone & Wilson, PLLC
One Belmont Avenue, Suite 618
Bala Cynwyd, PA  19004

RE:     *<u>Nancy P. Torello, Administratrix for the Estate of Ramon J. Torello, Deceased, v.</u>*
        *<u>Platinum Healthcare at Westgate, LLC d/b/a Westgate Hills and Vintage</u>*
        *<u>Healthcare, LLC</u>*
        U.S.D.C., ED PA Case No. 22-1271
        Our File No.:  1753-89272B

Dear Mr. Stone:

Enclosed are the supplemental discovery responses of Defendants, Platinum Healthcare at Westgate, LLC d/b/a Westgate Hills  and Vintage Healthcare, LLC, Supplemental Responses and Objections to Request for Production of Documents (Set I), Numbers 8, 10, 11, 46, and 59 and the following bates stamped documents.

- Bates Stamped documents Westgate 0048-61

In view of the enclosed supplemental responses to the Request For Production Set I, please advise if you withdraw that portion of your Motion to Compel.

Very truly yours,

*s/Lois M. Shenk*
Lois M. Shenk, Esq.

LMS/kf
Enclosures
cc:     Mark A. Humphrey, Esquire (via email, with enclosures)
        Jonathan D. Levitan, Esquire (via email, with enclosures)

PENNSYLVANIA • NEW JERSEY • NEW YORK • DELAWARE • MARYLAND • WASHINGTON, DC • VIRGINIA • WEST VIRGINIA • GEORGIA

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **NANCY P. TORELLO, as Administratrix for the ESTATE OF RAMON J. TORELLO,** | **CIVIL ACTION NO.  2:22-CV-01271-JHS** |
| **Plaintiff,** | |
| | **JURY TRIAL DEMANDED** |
| **v.** | |
| **PLATINUM HEALTHCARE GROUP, LLC; PLATINUM HEALTH AT WESTGATE, LLC, d/b/a WESTGATE HILLS REHABILITATION AND NURSING CENTER; APEX GLOBAL SOLUTIONS, LLC; APEX HEALTHCARE PARTNERS, LLC; VINTAGE HEALTHCARE, LLC; PLATINUM HOLDINGS, LLC; 2050 OLD WEST CHESTER PIKE, LLC; JACOB KARMEL; and NATHAN STERN,** | **THE HONORABLE JOEL H. SLOMSKY** |
| **Defendants.** | |

**RESPONSES AND OBJECTIONS OF DEFENDANTS, PLATINUM HEALTHCARE AT WESTGATE, LLC d/b/a WESTGATE HILLS, AND VINTAGE HEALTHCARE, LLC <u>TO PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS (SET I)</u>**

**<u>SUPPLEMENTAL RESPONSES AND OBJECTIONS TO REQUESTS FOR PRODUCTION OF DOCUMENTS (SET I) NUMBERS 8, 10, 11, 46 and 59</u>**.

**GENERAL OBJECTIONS**

1.      Defendants object to each documents request, to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Rules of Procedure.

2.      Defendants object to each document request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, deliberative process privilege, attorney work product doctrine, or any other applicable privilege.  Should any such disclosure by Defendant occur, it is inadvertent and shall not constitute a waiver of any privilege.

3.     Defendants incorporate by reference every general objection set forth above into each specific response set forth below.  A specific response may repeat a general objection for emphasis or some other reason.  The failure to include any general objection in any specific response does not waive any general objection to that request.  Moreover, Defendants do  not waive their  right to amend and supplement their responses.

4.   Defendant, Vintage Healthcare, LLC, objects to all requests because said defendant did **not** the operate the facility in question and did **not** provide healthcare to the plaintiff.

## RESPONSES

1.     A bates-stamped black and white copy of the resident's complete original facility chart, including but not limited to the following:

      a.    admission and discharge documents;

      b.    nursing assessments;

      c.    care plans;

      d.    physician's notes and orders;

      e.    nursing notes;

      f.    skin audits;

      g.    pressure sore / skin integrity risk assessments;

      h.    wound tracking and assessment documents;

      i.    pain assessments;

      j.    fall risk assessments;

      k.    bowel and bladder assessments;

      l.    social service notes;

      m.    dietary and nutritional notes;

      n.    intake and output records;

o.   therapy and rehabilitation notes, summaries, service logs and assessments;

p.   diagnoses, including EKG, x-ray, laboratory studies, or other test results;

q.   nurse aide flowsheets and/or records;

r.   Activities of Daily Living (ADL) documents;

s.   Treatment Administration Records (TAR);

t.   Medication Administration Records (MAR);

u.   Minimum Data Sets (MDS);

v.   Resident Assessment Protocols (RAP);

w.   DNR, advance directive, power-of-attorney, guardianship, living will, and any other consent documents;

x.   any other miscellaneous assessments; and,

y.   any other medical record regarding the resident that was either generated by or received by the facility before, during or after the residency.

**RESPONSES: Objectionable as overly broad, vague, beyond the scope of permissible discovery and not reasonably calculated to lead to the discovery of admissible evidence and objectionable as seeking privileged and confidential and proprietary information and as overly burdensome and oppressive. By way of further response and without waiving aforesaid objection, investigation and discovery are on-going.**

2.   All medical records pertaining to the resident in Defendants' or their counsel's possession, other than records produced by Plaintiff in this matter.

**RESPONSES: Investigation and discovery are on-going.**

3.   The reverse side and signature pages of all flowsheets, MARs, TARs, ADLs and other two-sided chart documents pertaining to the resident, to the extent not already provided.

**RESPONSES: Investigation and discovery are on-going.**

4.   An audit trail or other documentation of all times that the facility's electronic medical records on the resident have been accessed, including:

a.   the name of the person accessing the records;

b.   the date and time that each person accessed the records; and,

3

    c.    an indication of what functions were performed during each person's access (i.e., entering new charting, deleting charting, editing charting, printing charting, etc.).

**RESPONSES: : Objectionable as overly broad, vague, beyond the scope of permissible discovery and not reasonably calculated to lead to the discovery of admissible evidence and objectionable as seeking privileged and confidential and proprietary information and as overly burdensome and oppressive. By way of further response and without waiving aforesaid objection, investigation and discovery are on-going.**

5.    All electronic charting or documentation that relates to the resident in any way, including but not limited to all entries in the facility's CareTracker, PointClickCare, or similar system.

**RESPONSES: : Objectionable as overly broad, vague, beyond the scope of permissible discovery and not reasonably calculated to lead to the discovery of admissible evidence and objectionable as seeking privileged and confidential and proprietary information and as overly burdensome and oppressive. By way of further response and without waiving aforesaid objection, investigation and discovery are on-going.**

6.    All draft and/or deleted electronic chart entries regarding the resident, to the extent not already provided.

**RESPONSES: : Objectionable as overly broad, vague, beyond the scope of permissible discovery and not reasonably calculated to lead to the discovery of admissible evidence and objectionable as seeking privileged and confidential and proprietary information and as overly burdensome and oppressive. By way of further response and without waiving aforesaid objection, investigation and discovery are on-going.**

7.    All records of the resident's prescribed narcotics being received, dispensed and/or destroyed.

**RESPONSES:  Objectionable as overly broad, vague, beyond the scope of permissible discovery and not reasonably calculated to lead to the discovery of admissible evidence and objectionable as seeking privileged and confidential and proprietary information and as overly burdensome and oppressive. By way of further response and without waiving aforesaid objection, investigation and discovery are on-going.**

8.    All documents that reflect the names, job title, termination date (if applicable), and last known address of all former employees, of the nursing staff who worked in the facility during the residency.

**<u>SUPPLEMENTAL RESPONSES:</u> Objectionable as overly broad, vague, beyond the scope of permissible discovery and not reasonably calculated to lead to the discovery of admissible evidence and objectionable as seeking privileged and confidential and proprietary information and as overly burdensome and oppressive. By way of further response and without waiving aforesaid objection, see bates stamped documents which show the names of staff working during the four (4) days of the residency.**

9.      All 24-hour reports (a/k/a shift change reports) that reference or relate to the resident in any way. (See, Instruction No. 3, above).

**RESPONSES: Objectionable as overly broad, vague, beyond the scope of permissible discovery and not reasonably calculated to lead to the discovery of admissible evidence and objectionable as seeking privileged and confidential and proprietary information and as overly burdensome and oppressive.  By way of further response and without waiving aforesaid objection, investigation and discovery are on-going.**

10.     All incident and accident reports, including all attachments and related statements, which pertain to the resident.

**<u>SUPPLEMENTAL RESPONSES</u>: Objectionable as overly broad, vague, beyond the scope of permissible discovery and not reasonably calculated to lead to the discovery of admissible evidence and objectionable as seeking privileged and confidential and proprietary information and as overly burdensome and oppressive.  By way of further response and without waiving aforesaid objection, see bates stamped documents.**

11.     All Event Reports submitted by the facility to the Pennsylvania Department of Health that pertain to the resident.

**<u>SUPPLEMENTAL RESPONSES</u>: Objectionable as overly broad, vague, beyond the scope of permissible discovery and not reasonably calculated to lead to the discovery of admissible evidence and objectionable as seeking privileged and confidential and proprietary information and as overly burdensome and oppressive.  By way of further response and without waiving aforesaid objection, none.**

12.     All incident and accident reports, including all attachments and related statements, that were generated by the facility during the residency and six months prior that relate to the following incidents, which are similar to the allegations in this case:

     a.   Falls;

     b.   Fall related injuries;

     c.   Infection(s);

     d.   Injuries of unknown origin; and

     e.   resident abuse. (See, Instruction No. 3, above).

**RESPONSES: Objectionable as overly broad, vague, beyond the scope of permissible discovery and not reasonably calculated to lead to the discovery of admissible evidence and objectionable as seeking privileged and confidential and proprietary information and as overly burdensome and oppressive.**

13.     All documents that reflect any investigations performed by state or federal agencies that pertain to the resident.

**RESPONSES: Objectionable as overly broad, vague, beyond the scope of permissible discovery and not reasonably calculated to lead to the discovery of admissible evidence and objectionable as seeking privileged and confidential and proprietary information and as overly burdensome and oppressive. By way of further response and without waiving aforesaid objection, investigation and discovery are on-going.**

14.     All surveyor's resident identifier lists that include the resident. (See, Instruction No. 3, above).

**RESPONSES: Objectionable as overly broad, vague, beyond the scope of permissible discovery and not reasonably calculated to lead to the discovery of admissible evidence and objectionable as seeking privileged and confidential and proprietary information and as overly burdensome and oppressive. By way of further response and without waiving aforesaid objection, investigation and discovery are on-going.**

15.     Color copies of all photos of the resident in Defendants' or their counsel's possession, other than any produced by Plaintiff in this matter.

**RESPONSES: Investigation and discovery are on-going.**

16.     All documents related to investigations performed by Defendants or their agents, relating to the resident, prior to the date Defendants were served with original process in this matter.

**RESPONSES: Objectionable as overly broad, vague, beyond the scope of permissible discovery and not reasonably calculated to lead to the discovery of admissible evidence and objectionable as seeking privileged and confidential and proprietary information and as overly burdensome and oppressive. By way of further response and without waiving aforesaid objection, investigation and discovery are on-going.**

17.     A complete copy of the facility's billing file(s) that pertains to the resident.

**RESPONSES: Objectionable as overly broad, vague, beyond the scope of permissible discovery and not reasonably calculated to lead to the discovery of admissible evidence and objectionable as seeking privileged and confidential and proprietary information and as overly burdensome and oppressive. By way of further response and without waiving aforesaid objection, investigation and discovery are on-going.**

18.     A complete copy of the facility's admission file(s) that pertains to the resident.

**RESPONSES: Investigation and discovery are on-going.**

19.     A complete copy of the facility's administrative file(s) that pertains to the resident.

**RESPONSES: Objectionable as overly broad, vague, beyond the scope of permissible discovery and not reasonably calculated to lead to the discovery of admissible evidence and objectionable as seeking privileged and confidential and proprietary**

**information and as overly burdensome and oppressive.  By way of further response and without waiving aforesaid objection, investigation and discovery are on-going.**

20.     A complete copy of all documents and correspondence exchanged by and between the facility and any non-party (i.e., hospital, physician, etc.) and which pertains to the admission of the resident to the facility and/or evaluating whether the resident is appropriate for admission to the facility.

**RESPONSES: Objectionable as overly broad, vague, beyond the scope of permissible discovery and not reasonably calculated to lead to the discovery of admissible evidence and objectionable as seeking privileged and confidential and proprietary information and as overly burdensome and oppressive.  By way of further response and without waiving aforesaid objection, investigation and discovery are on-going.**

21.     All insurance declaration pages from all insurance policies (including primary, excess, umbrella, MCARE, self-funded, and/or SIR policies or plans) that may provide coverage for this matter.

**RESPONSES:  Investigation and discovery are on-going.**

22.     A complete copy of all insurance policies (including primary, excess, umbrella, MCARE, self-funded, and/or SIR policies or plans) that may provide coverage for this matter.

**RESPONSES: Investigation and discovery are on-going.**

23.     The budget(s) in place at the facility during each fiscal year during which any portion of the residency occurred.

**RESPONSES: Objectionable as overly broad, vague, beyond the scope of permissible discovery and not reasonably calculated to lead to the discovery of admissible evidence and objectionable as seeking privileged and confidential and proprietary information and as overly burdensome and oppressive.**

24.     All documents, charts, email conversations and/or email strings, and/or reports (i.e. budget fluctuation reports) that compare the facility's budgeted financial performance to its actual financial performance, pertaining in whole or in part to periods of time during which the residency occurred.

**RESPONSES: Objectionable as overly broad, vague, beyond the scope of permissible discovery and not reasonably calculated to lead to the discovery of admissible evidence and objectionable as seeking privileged and confidential and proprietary information and as overly burdensome and oppressive.**

25.     All contracts and/or agreements for management services that were in effect at the facility during the residency.

**RESPONSES: Objectionable as overly broad, vague, beyond the scope of permissible discovery and not reasonably calculated to lead to the discovery of admissible**

**evidence and objectionable as seeking privileged and confidential and proprietary information and as overly burdensome and oppressive.  By way of further response and without waiving aforesaid objection, investigation and discovery are on-going.**

26.    All contracts and/or agreements for home office services that were in effect at the facility during the residency.

**RESPONSES: Objectionable as overly broad, vague, beyond the scope of permissible discovery and not reasonably calculated to lead to the discovery of admissible evidence and objectionable as seeking privileged and confidential and proprietary information and as overly burdensome and oppressive.  By way of further response and without waiving aforesaid objection, investigation and discovery are on-going.**

27.    All contracts for the provision of pharmacy services (both dispensing and consultative) to the facility and which were in effect during the residency.

**RESPONSES: Objectionable as overly broad, vague, beyond the scope of permissible discovery and not reasonably calculated to lead to the discovery of admissible evidence and objectionable as seeking privileged and confidential and proprietary information and as overly burdensome and oppressive.  By way of further response and without waiving aforesaid objection, investigation and discovery are on-going.**

28.    All contracts for the provision of physical, occupational and/or speech therapy services at the facility and which were in effect during the residency.

**RESPONSES: Objectionable as overly broad, vague, beyond the scope of permissible discovery and not reasonably calculated to lead to the discovery of admissible evidence and objectionable as seeking privileged and confidential and proprietary information and as overly burdensome and oppressive.  By way of further response and without waiving aforesaid objection, investigation and discovery are on-going.**

29.    All contracts that identify the employer(s) of the persons providing physical, occupational and/or speech therapy services at the facility during the residency.

**RESPONSES: Objectionable as overly broad, vague, beyond the scope of permissible discovery and not reasonably calculated to lead to the discovery of admissible evidence and objectionable as seeking privileged and confidential and proprietary information and as overly burdensome and oppressive.  By way of further response and without waiving aforesaid objection, investigation and discovery are on-going.**

30.    All contracts in effect during the residency by and between the facility and any medical or nursing staffing company related to the provision of agency, PRN, and/or temporary CNAs or nurses to the facility.

**RESPONSES: Objectionable as overly broad, vague, beyond the scope of permissible discovery and not reasonably calculated to lead to the discovery of admissible evidence and objectionable as seeking privileged and confidential and proprietary**

**information and as overly burdensome and oppressive.  By way of further response and without waiving aforesaid objection, investigation and discovery are on-going.**

31.     The complete Medicare cost report(s), and all attachments and filings related thereto, filed by or on behalf of the facility, pertaining to all reporting periods during which any portion of the residency occurred.

**RESPONSES: Objectionable as overly broad, vague, beyond the scope of permissible discovery and not reasonably calculated to lead to the discovery of admissible evidence and objectionable as seeking privileged and confidential and proprietary information and as overly burdensome and oppressive.  By way of further response and without waiving aforesaid objection, investigation and discovery are on-going.**

32.     The complete Medicare home office cost report(s), and all attachments and filings related thereto, filed by or on behalf of the facility and/or its home office, pertaining to all reporting periods during which any portion of the residency occurred.

**RESPONSES: Objectionable as overly broad, vague, beyond the scope of permissible discovery and not reasonably calculated to lead to the discovery of admissible evidence and objectionable as seeking privileged and confidential and proprietary information and as overly burdensome and oppressive.  By way of further response and without waiving aforesaid objection, investigation and discovery are on-going.**

33.     The complete Medicaid cost report(s), and all attachments and filings related thereto, filed by or on behalf of the facility, pertaining to all reporting periods during which any portion of the residency occurred.

**RESPONSES: Objectionable as overly broad, vague, beyond the scope of permissible discovery and not reasonably calculated to lead to the discovery of admissible evidence and objectionable as seeking privileged and confidential and proprietary information and as overly burdensome and oppressive.  By way of further response and without waiving aforesaid objection, investigation and discovery are on-going.**

34.     All correspondence, including any attachments thereto, by and between any defendant and/or the defendants' agents on the one hand, and the Pennsylvania Department of Health on the other hand, pertaining to:

      a.     the facility's licensure;

      b.     any change in the facility's ownership or corporate structure; and,

      c.     the facility's survey performance, deficiencies, and/or plans of correction.

**RESPONSES: Objectionable as overly broad, vague, beyond the scope of permissible discovery and not reasonably calculated to lead to the discovery of admissible evidence and objectionable as seeking privileged and confidential and proprietary information and as overly burdensome and oppressive.  By way of further response and without waiving aforesaid objection, investigation and discovery are on-going.**

35.     A floor plan reflecting how the facility appeared during the residency.

**RESPONSES: Investigation  and discovery are on-going.**

36.     The policy and procedure manuals in effect at the facility during the residency relating to nursing services, social services, pharmacy services, the admission of new residents, and administrative operations.

**RESPONSES: Objectionable as overly broad, vague, beyond the scope of permissible discovery and not reasonably calculated to lead to the discovery of admissible evidence and objectionable as seeking privileged and confidential and proprietary information and as overly burdensome and oppressive.  By way of further response and without waiving aforesaid objection, investigation and discovery are on-going.**

37.     All documents pertaining to all in-services held for members of the nursing department at the facility during the residency and one year prior, including:

  a.   copies of the in-service presentations;

  b.   sign-in sheets reflecting the names of those in attendance at the in-services; and,

  c.   handouts provided to those in attendance at the in-services.

**RESPONSES: Objectionable as overly broad, vague, beyond the scope of permissible discovery and not reasonably calculated to lead to the discovery of admissible evidence and objectionable as seeking privileged and confidential and proprietary information and as overly burdensome and oppressive.**

38.     All training videos prepared by Defendants and/or third-parties on behalf of Defendants, which were used by Defendants to train their nursing staff members during the residency and one (1) year prior.

**RESPONSES: Objectionable as overly broad, vague, beyond the scope of permissible discovery and not reasonably calculated to lead to the discovery of admissible evidence and objectionable as seeking privileged and confidential and proprietary information and as overly burdensome and oppressive.**

39.     The job descriptions that were in effect at the facility during the residency for the following positions:

  a.   Administrator/Executive Director;

  b.   Director of Nursing/Nursing Services;

  c.   Registered Nurse (RN);

   d.   Licensed Practical Nurse (LPN);

10

     e.    Certified Nursing Assistant (CNA);

     f.    Medical Director;

     g.    Director of Operations;

     h.    Regional Vice President and/or Area Vice President; and,

     i.    Regional/Corporate/Clinical Nurse Consultant.

**RESPONSES: Investigation and discovery are on-going.**

40.    The orientation and/or procedure manuals that were in effect at the facility during the residency and which were applicable to the following positions:

     a.    Administrator/Executive Director;

     b.    Director of Nursing/Nursing Services;

     c.    Registered Nurse (RN);

     d.    Licensed Practical Nurse (LPN);

     e.    Certified Nursing Assistant (CNA);

     f.    Medical Director;

     g.    Director of Operations;

     h.    Regional Vice President and/or Area Vice President; and,

     i.    Regional/Corporate/Clinical Nurse Consultant.

**RESPONSES: Objectionable as overly broad, vague, beyond the scope of permissible discovery and not reasonably calculated to lead to the discovery of admissible evidence and objectionable as seeking privileged and confidential and proprietary information and as overly burdensome and oppressive. By way of further response and without waiving aforesaid objection, investigation and discovery are on-going.**

41.    The contract in effect by and between the Defendants and the facility's Medical Director during the residency.

**RESPONSES: Objectionable as overly broad, vague, beyond the scope of permissible discovery and not reasonably calculated to lead to the discovery of admissible evidence and objectionable as seeking privileged and confidential and proprietary information and as overly burdensome and oppressive. By way of further response and without waiving aforesaid objection, investigation and discovery are on-going.**

42.  The provider agreement between the facility and:

a.    The Commonwealth of Pennsylvania; and,

b.    The Centers for Medicare and Medicaid Services (CMS).

**RESPONSES: Objectionable as overly broad, vague, beyond the scope of permissible discovery and not reasonably calculated to lead to the discovery of admissible evidence and objectionable as seeking privileged and confidential and proprietary information and as overly burdensome and oppressive. By way of further response and without waiving aforesaid objection, investigation and discovery are on-going.**

43.    All reports, memoranda, visit reports, and/or emails generated by any nursing consultant, a/k/a Regional/Corporate/Clinical Nurse Consultant, pertaining to evaluations of the facility's staff and/or the facility's provision of care that relate to the residency and six months prior.

**RESPONSES: Objectionable as overly broad, vague, beyond the scope of permissible discovery and not reasonably calculated to lead to the discovery of admissible evidence and objectionable as seeking privileged and confidential and proprietary information and as overly burdensome and oppressive. By way of further response and without waiving aforesaid objection, investigation and discovery are on-going.**

44.    All resident council meeting minutes pertaining to meetings that took place during the residency and one year prior. (See Instruction No. 3, above).

**RESPONSES: Objectionable as overly broad, vague, beyond the scope of permissible discovery and not reasonably calculated to lead to the discovery of admissible evidence and objectionable as seeking privileged and confidential and proprietary information and as overly burdensome and oppressive. By way of further response and without waiving aforesaid objection, investigation and discovery are on-going.**

45.    All family council meeting minutes pertaining to meetings that took place during the residency and one year prior. (See Instruction No. 3, above).

**RESPONSES: Objectionable as overly broad, vague, beyond the scope of permissible discovery and not reasonably calculated to lead to the discovery of admissible evidence and objectionable as seeking privileged and confidential and proprietary information and as overly burdensome and oppressive. By way of further response and without waiving aforesaid objection, investigation and discovery are on-going.**

46.    The reports used at the facility to document daily census and staffing PPD during the residency and one (1) year prior.

**<u>SUPPLEMENTAL RESPONSES</u>: Objectionable as overly broad, vague, beyond the scope of permissible discovery and not reasonably calculated to lead to the discovery of admissible evidence and objectionable as seeking privileged and confidential and proprietary information and as overly burdensome and oppressive. By way of further response and without waiving aforesaid objection, for the four (4) days of the residency see the bates stamped documents.**

12

47.     The reports used at the facility to track budgeted/expected PPD vs. actual PPD during the residency and one (1) year prior.

**RESPONSES: Objectionable as overly broad, vague, beyond the scope of permissible discovery and not reasonably calculated to lead to the discovery of admissible evidence and objectionable as seeking privileged and confidential and proprietary information and as overly burdensome and oppressive.  By way of further response and without waiving aforesaid objection, investigation and discovery are on-going.**

48.     The reports used at the facility track budgeted/expected census vs. actual census during the residency and one (1) year prior.

**RESPONSES: Objectionable as overly broad, vague, beyond the scope of permissible discovery and not reasonably calculated to lead to the discovery of admissible evidence and objectionable as seeking privileged and confidential and proprietary information and as overly burdensome and oppressive.  By way of further response and without waiving aforesaid objection, investigation and discovery are on-going.**

49.     The reports used at the facility to track the acuity of the resident population during the residency and one (1) year prior.

**RESPONSES: Objectionable as overly broad, vague, beyond the scope of permissible discovery and not reasonably calculated to lead to the discovery of admissible evidence and objectionable as seeking privileged and confidential and proprietary information and as overly burdensome and oppressive.  By way of further response and without waiving aforesaid objection, investigation and discovery are on-going.**

50.     The facility's nursing staff schedules and sign-in sheets pertaining to the days and shifts of the residency.

**RESPONSES: Objectionable as overly broad, vague, beyond the scope of permissible discovery and not reasonably calculated to lead to the discovery of admissible evidence and objectionable as seeking privileged and confidential and proprietary information and as overly burdensome and oppressive.  By way of further response and without waiving aforesaid objection, investigation and discovery are on-going.**

51.     The CNA assignment sheets evidencing which CNAs were assigned to the resident during the residency. (See Instruction No. 3, above).

**RESPONSES: Objectionable as overly broad, vague, beyond the scope of permissible discovery and not reasonably calculated to lead to the discovery of admissible evidence and objectionable as seeking privileged and confidential and proprietary information and as overly burdensome and oppressive.  By way of further response and without waiving aforesaid objection, investigation and discovery are on-going.**

52.     For the facility's Regional Vice President, Area Vice President, Regional/District Director of Operations, Regional/Corporate/Clinical Nurse Consultant, Administrator, Executive Director, and Director of Nursing who served in those roles at any time during the residency:

    a.   the most recent resume or CV in the individual's or Defendants' possession;

    b.   employment application(s);

    c.   all performance evaluations;

    d.   all disciplinary actions;

    e.   all termination and/or resignation letters;

    f.   all written complaints by or about such individuals

    g.   all separation agreements and/or similar agreements; and,

    h.   all exit interview documents.

**RESPONSES: Objectionable as overly broad, vague, beyond the scope of permissible discovery and not reasonably calculated to lead to the discovery of admissible evidence and objectionable as seeking privileged and confidential and proprietary information and as overly burdensome and oppressive.**

53.    For the members of the nursing staff who provided care to the resident during the residency:

    a.   all employment application(s);

    b.   all performance evaluations;

    c.   all disciplinary actions;

    d.   all termination and/or resignation letters;

    e.   all written complaints by or about such individuals;

    f.   All separation agreements and/or similar agreements; and

    g.   all exit interview documents.

**RESPONSES: Objectionable as overly broad, vague, beyond the scope of permissible discovery and not reasonably calculated to lead to the discovery of admissible evidence and objectionable as seeking privileged and confidential and proprietary information and as overly burdensome and oppressive.**

54.    For the members of the nursing staff who worked at the facility during the residency:

    a.   employment application(s);

    b.   all performance evaluations;

c.   all disciplinary actions;

d.   all termination and/or resignation letters;

e.   all written complaints by or about such individuals;

f.   all separation agreements and/or similar agreements; and

g.   all exit interview documents.

**RESPONSES: Objectionable as overly broad, vague, beyond the scope of permissible discovery and not reasonably calculated to lead to the discovery of admissible evidence and objectionable as seeking privileged and confidential and proprietary information and as overly burdensome and oppressive.**

55.   The results of all mock surveys performed at the facility during the residency and six months prior.

**RESPONSES: Objectionable as overly broad, vague, beyond the scope of permissible discovery and not reasonably calculated to lead to the discovery of admissible evidence and objectionable as seeking privileged and confidential and proprietary information and as overly burdensome and oppressive.**

56.   All correspondence, comment cards, surveys and/or complaints in Defendants' possession that were authored by and/or filled out by the resident or any family member or representative of the resident.

**RESPONSES: Objectionable as overly broad, vague, beyond the scope of permissible discovery and not reasonably calculated to lead to the discovery of admissible evidence and objectionable as seeking privileged and confidential and proprietary information and as overly burdensome and oppressive. By way of further response and without waiving aforesaid objection, investigation and discovery are on-going.**

57.   The results of all surveys of residents and/or the residents' families regarding the services provided by the facility (i.e. customer satisfaction surveys), limited to surveys performed during the residency and one year prior.

**RESPONSES: Objectionable as overly broad, vague, beyond the scope of permissible discovery and not reasonably calculated to lead to the discovery of admissible evidence and objectionable as seeking privileged and confidential and proprietary information and as overly burdensome and oppressive.**

58.   All call light audits and other documentation of the response times for call lights at the Facility during the residency and six months prior.

**RESPONSES: Objectionable as overly broad, vague, beyond the scope of permissible discovery and not reasonably calculated to lead to the discovery of admissible**

**evidence and objectionable as seeking privileged and confidential and proprietary information and as overly burdensome and oppressive.**

59.     All documentation of calls to the Defendants' complaint hotline and investigations into such calls, as well as any written complaints or grievances received by the Defendants during the residency and six months prior, pertaining to:

    a.   the facility's staffing levels;

    b.   call light response times and/or lack of response; and,

    c.   the resident.

**SUPPLEMENTAL RESPONSES: Objectionable as overly broad, vague, beyond the scope of permissible discovery and not reasonably calculated to lead to the discovery of admissible evidence and objectionable as seeking privileged and confidential and proprietary information and as overly burdensome and oppressive.**

60.     All licenses (including any provisional licenses) to operate that were in effect at the Facility during the residency.

**RESPONSES: Investigation and discovery are on-going.**

61.     The meeting minutes for the board of directors of each Defendant, limited to meetings that occurred during the residency and one year prior.

**RESPONSES: Objectionable as overly broad, vague, beyond the scope of permissible discovery and not reasonably calculated to lead to the discovery of admissible evidence and objectionable as seeking privileged and confidential and proprietary information and as overly burdensome and oppressive.**

62.     The meeting minutes for the members, managers, partners, chief executives and/or directors of each Defendant, limited to meetings that occurred during the residency and one year prior.

**RESPONSES: Objectionable as overly broad, vague, beyond the scope of permissible discovery and not reasonably calculated to lead to the discovery of admissible evidence and objectionable as seeking privileged and confidential and proprietary information and as overly burdensome and oppressive.**

63.     The bonus program/criteria in effect for Defendants' officers, directors and employees during the residency.

**RESPONSES: Objectionable as overly broad, vague, beyond the scope of permissible discovery and not reasonably calculated to lead to the discovery of admissible evidence and objectionable as seeking privileged and confidential and proprietary information and as overly burdensome and oppressive.**

64.    All separation agreements by and between any of the Defendants and:

    a.    Any of the resident's caregivers at the facility;

    b.    The facility's Administrator(s) during the residency;

    c.    The facility's Director of Nursing(s) during the residency;

    d.    The Regional Director(s) of Operations whose territory included the facility during the residency;

    e.    The Regional/Corporate/Clinical Nurse Consultant(s) whose territory included the facility during the residency; and

    f.    Any other individual identified as a witness in this matter or who Defendants reasonably suspect may be called to testify in this matter.

**RESPONSES: Objectionable as overly broad, vague, beyond the scope of permissible discovery and not reasonably calculated to lead to the discovery of admissible evidence and objectionable as seeking privileged and confidential and proprietary information and as overly burdensome and oppressive.**

65.    All contracts, agreements or other writings containing anti-disparagement provisions, and/or non-disclosure clauses or language, by and between any of the Defendants and:

    a.    Any of the resident's caregivers at the facility;

    b.    The facility's Administrator(s) during the residency;

    c.    The facility's Director of Nursing(s) during the residency;

    d.    The Regional Director(s) of Operations whose territory included the facility during the residency;

    e.    The Regional/Corporate/Clinical Nurse Consultant(s) whose territory included the facility during the residency; and

    f.    Any other individual identified as a witness in this matter or who Defendants reasonably suspect may be called to testify in this matter.

**RESPONSES: Objectionable as overly broad, vague, beyond the scope of permissible discovery and not reasonably calculated to lead to the discovery of admissible evidence and objectionable as seeking privileged and confidential and proprietary information and as overly burdensome and oppressive.**

66.    All Complaints filed in any litigation and/or administrative proceedings by and between any of the Defendants and:

17

a.   Any of the resident's caregivers at the facility;

b.   The facility's Administrator(s) during the residency;

c.   The facility's Director of Nursing(s) during the residency;

d.   The Regional Director(s) of Operations whose territory included the facility during the residency;

e.   The Regional/Corporate/Clinical Nurse Consultant(s) whose territory included the facility during the residency; and

f.   Any other individual identified as a witness in this matter or who Defendants reasonably suspect may be called to testify in this matter.

**RESPONSES: Objectionable as overly broad, vague, beyond the scope of permissible discovery and not reasonably calculated to lead to the discovery of admissible evidence and objectionable as seeking privileged and confidential and proprietary information and as overly burdensome and oppressive.**

67.   All lease, master lease and sublease agreements that relate in any way to the facility and which were in effect during the residency.

**RESPONSES: Objectionable as overly broad, vague, beyond the scope of permissible discovery and not reasonably calculated to lead to the discovery of admissible evidence and objectionable as seeking privileged and confidential and proprietary information and as overly burdensome and oppressive.  By way of further response and without waiving aforesaid objection, investigation and discovery are on-going.**

68.   All loan agreements that relate in any way to the facility and which were in effect during the residency.

**RESPONSES: Objectionable as overly broad, vague, beyond the scope of permissible discovery and not reasonably calculated to lead to the discovery of admissible evidence and objectionable as seeking privileged and confidential and proprietary information and as overly burdensome and oppressive.**

69.   All agreements and contracts pursuant to which the facility's accounts receivable and/or revenue were pledged during the residency.

**RESPONSES: Objectionable as overly broad, vague, beyond the scope of permissible discovery and not reasonably calculated to lead to the discovery of admissible evidence and objectionable as seeking privileged and confidential and proprietary information and as overly burdensome and oppressive.**

70.   A complete copy of all leases, mortgages, loan agreements, financing agreements or other agreements or contracts in effect during the residency and pursuant to which any of the

following information was reported, either individually or in the aggregate, to any non-Defendant entities:

        a.    The facility's financial performance;

        b.    The facility's survey performance; and,

        c.    The facility's residents' clinical condition.

**RESPONSES: Objectionable as overly broad, vague, beyond the scope of permissible discovery and not reasonably calculated to lead to the discovery of admissible evidence and objectionable as seeking privileged and confidential and proprietary information and as overly burdensome and oppressive.**

71.    A complete copy of all documents and data submitted by or on behalf of the Defendants to all landlords, mortgagees, and/or lenders, limited to documents and data submitted during the residency, one year prior to the residency, and six months after the residency, and further limited to those documents and data that pertain to and/or report on (1) the facility individually, and/or (2) any grouping of facilities of which the facility herein was a part.

**RESPONSES: Objectionable as overly broad, vague, beyond the scope of permissible discovery and not reasonably calculated to lead to the discovery of admissible evidence and objectionable as seeking privileged and confidential and proprietary information and as overly burdensome and oppressive.**

72.    All Form-10K, Form-10Q, Form 14-A, and Form-8K documents that have been filed by or on behalf of any Defendant with the Securities and Exchange Commission, limited to documents filed during the residency, one year prior to the residency and six months after the residency.

**RESPONSES: Objectionable as overly broad, vague, beyond the scope of permissible discovery and not reasonably calculated to lead to the discovery of admissible evidence and objectionable as seeking privileged and confidential and proprietary information and as overly burdensome and oppressive.**

73.    All statements Defendants or their counsel have received from any of Defendants' former or current employees regarding this matter.

**RESPONSES: Investigation and discovery are on-going.**

74.    All letters and/or emails, including all attachments and enclosures, sent by Defendants to any former or current employee regarding the resident and/or this matter.

**RESPONSES: Objectionable as overly broad, vague, beyond the scope of permissible discovery and not reasonably calculated to lead to the discovery of admissible evidence and objectionable as seeking privileged and confidential and proprietary information and as overly burdensome and oppressive.**

75.     All letters and/or emails, including all attachments and enclosures, sent by Defendants' counsel to any of Defendants' former employees regarding the resident and/or this matter.

**RESPONSES: Objectionable as overly broad, vague, beyond the scope of permissible discovery and not reasonably calculated to lead to the discovery of admissible evidence and objectionable as seeking privileged and confidential and proprietary information and as overly burdensome and oppressive.  By way of further response and without waiving aforesaid objection, investigation and discovery are on-going.**

**CIPRIANI & WERNER, P.C.**

By:     _s/Lois M. Shenk_
Lois M. Shenk, ID No. 42455
450 Sentry Parkway;  Suite 200
Blue Bell, PA 19422
(610) 567-0700
Attorneys for Defendants, Platinum Healthcare at Westgate, LLC d/b/a Westgate Hills and Vintage Healthcare, LLC

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **NANCY P. TORELLO, as Administratrix for the ESTATE OF RAMON J. TORELLO,** | **CIVIL ACTION NO.  2:22-CV-01271-JHS** |
| **Plaintiff,** | |
| **v.** | **JURY TRIAL DEMANDED** |
| | **THE HONORABLE JOEL H. SLOMSKY** |
| **PLATINUM HEALTHCARE GROUP, LLC; PLATINUM HEALTH AT WESTGATE, LLC, d/b/a WESTGATE HILLS REHABILITATION AND NURSING CENTER; APEX GLOBAL SOLUTIONS, LLC; APEX HEALTHCARE PARTNERS, LLC; VINTAGE HEALTHCARE, LLC; PLATINUM HOLDINGS, LLC; 2050 OLD WEST CHESTER PIKE, LLC; JACOB KARMEL; and NATHAN STERN,** | |
| **Defendants.** | |

## CERTIFICATE OF SERVICE

I, Lois M. Shenk, do hereby certify that on this __22nd___ day of __December, 2022, I caused a true and correct copy of the attached Answers and Objections to Plaintiff's Interrogatories (Set  I) to be served, by email and/or regular mail, upon the following person(s) listed below:

Matthew T. Stone, Esquire
William P. Murray, III, Esquire
Murray, Stone & Wilson, PLLC
One Belmot Ave.
Suite 310
Bala Cynwyd, PA 19004

Jonathan D. Levitan, Esquire
430 Williams Road
Wynnewood, PA 19096

Mark A. Humphrey, Esquire
Humphrey Law Group
1173 Spring Centre Blvd South C
Alamonte Springs, FL 32714

**CIPRIANI & WERNER, P.C.**

By:     *s/Lois M. Shenk*
Lois M. Shenk, ID No. 42455
450 Sentry Parkway;  Suite 200
Blue Bell, PA 19422
(610) 567-0700
Attorneys for Defendants, Platinum Healthcare at
Westgate, LLC d/b/a Westgate Hills and Vintage
Healthcare, LLC

2