# EXHIBIT "B"

## IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NANCY P. TORELLO, as Administrator of the ESTATE OF RAMON J. TORELLO, deceased,<br><br>    Plaintiff,<br><br>v.<br><br>PLATINUM HEALTHCARE GROUP, LLC; PLATINUM HEALTH AT WESTGATE, LLC, d/b/a WESTGATE HILLS REHABILITATION AND NURSING CENTER; APEX GLOBAL SOLUTIONS, LLC; APEX HEALTHCARE PARTNERS, LLC; VINTAGE HEALTHCARE, LLC; PLATINUM PA HOLDINGS, LLC; 2050 OLD WEST CHESTER PIKE, LLC; JACOB KARMEL and NATHAN STERN,<br><br>    Answering Defendants.<br>_____ / | Case No. 2:22-cv-01271<br><br>ANSWERING DEFENDANTS, APEX GLOBAL SOLUTIONS LLC, APEX HEALTHCARE PARTNERS LLC, JACOB KARMEL, AND NATHAN STERN'S, OBJECTIONS AND RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS (SET I) |

## DEFENDANTS,' APEX GLOBAL SOLUTIONS LLC, APEX HEALTHCARE PARTNERS LLC, JACOB KARMEL AND NATHAN STERN'S, OBJECTIONS AND RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS (SET I)

Pursuant to the Federal Rules of Civil Procedure, Defendants, Apex Global Solutions LLC, Apex Healthcare Partners LLC, Jacob Karmel and Nathan Stern ("These Defendants"), by and through their attorneys hereby object and respond to Plaintiff's Requests for Production of Documents (Set I).

## PRELIMINARY STATEMENT

The objections and responses to these requests for production of documents are based on information presently available. These Defendants reserve the right to supplement these responses as provided by Rule 26 of the Federal Rules of Civil Procedure.

## **GENERAL OBJECTIONS**

A.      These Defendants object to any request that is overbroad and/or which seeks information that is neither relevant nor proportional to the needs of the case pursuant to F.R.C.P. 26(b)(1).

B.      These Defendants object to any request which seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine.

C.      These Defendants object to any request which seeks information not within the scope of permissible discovery authorized by the Federal Rules of Civil Procedure.

D.      These Defendants object to any request which seeks confidential and/or proprietary information.

E.      These Defendants reserve the right to challenge the competency, relevancy, materiality, and/or admissibility of, or object on any grounds to the use of, the documents or information provided in response to any requests.

F.      These Defendants have not completed their discovery nor preparation for trial in this matter. Accordingly, these responses are made without prejudice to these Defendants' right to present additional information at trial based upon information later obtained or evaluated.

G.      These Defendants object to Plaintiff's requests because these Defendants were not the licensees or managers of the facility during the subject residency, they were not caregivers of the patient, they were not involved in the day-to-day operations of the facility, and they are not custodian of records for the subject nursing home facility.

H.      Each of These Defendants' General Objections are hereby incorporated into each of These Defendants' Responses to Plaintiff's Second Requests for Production of Documents.  Specific objections are set forth as follows:

**REQUESTS FOR PRODUCTION OF DOCUMENTS (SET I)**

1.      A bates-stamped black and white copy of the resident's complete original facility chart, including but not limited to the following:

    a.  admission and discharge documents;

    b.  nursing assessments;

    c.  care plans;

    d.  physician's notes and orders;

    e.  nursing notes;

    f.  skin audits;

    g.  pressure sore / skin integrity risk assessments;

    h.  wound tracking and assessment documents;

    i.  pain assessments;

    j.  fall risk assessments;

    k.  bowel and bladder assessments;

    l.  social service notes;

    m.  dietary and nutritional notes;

    n.  intake and output records;

    o.  therapy and rehabilitation notes, summaries, service logs and assessments;

    p.  diagnoses, including EKG, x-ray, laboratory studies, or other test results;

    q.  nurse aide flowsheets and/or records;

    r.  Activities of Daily Living (ADL) documents;

    s.  Treatment Administration Records (TAR);

    t.  Medication Administration Records (MAR);

    u.  Minimum Data Sets (MDS);

v.      Resident Assessment Protocols (RAP);

w.      DNR, advance directive, power-of-attorney, guardianship, living will, and any other consent documents;

x.      any other miscellaneous assessments; and,

y.      any other medical record regarding the resident that was either generated by or received by the facility before, during or after the residency.

**<u>RESPONSE:</u> Defendants are not in possession of any documents responsive to this Request, other than the chart provided in disclosures. These Defendants are not caregivers nor the custodian of the facility's records. This request is better directed to the licensee of the facility. Discovery is ongoing, and these Defendants reserve the right to amend and/or supplement their response to this request.**

2.      All medical records pertaining to the resident in Defendants' or their counsel's possession, other than records produced by Plaintiff in this matter.

**<u>RESPONSE:</u> Defendants are not in possession of any documents responsive to this Request, other than the chart provided in disclosures. These Defendants are not caregivers nor the custodian of the facility's records. This request is better directed to the licensee of the facility. Discovery is ongoing, and these Defendants reserve the right to amend and/or supplement their response to this request.**

3.      The reverse side and signature pages of all flowsheets, MARs, TARs, ADLs and other two-sided chart documents pertaining to the resident, to the extent not already provided.

**<u>RESPONSE:</u> Defendants are not in possession of any documents responsive to this Request, other than the chart provided in disclosures. These Defendants are not caregivers nor the custodian of the facility's records. This request is better directed to the licensee of the facility. Discovery is ongoing, and these Defendants reserve the right to amend and/or supplement their response to this request.**

4.      An audit trail or other documentation of all times that the facility's electronic medical records on the resident have been accessed, including:

a.      the name of the person accessing the records;

b.      the date and time that each person accessed the records; and,

c.      an indication of what functions were performed during each person's access (i.e., entering new charting, deleting charting, editing charting, printing charting, etc.).

**RESPONSE:** **(a-c). These Defendants object to this request as overbroad, unduly burdensome, and as seeking information which is neither relevant nor proportional to the needs of the case pursuant to F.R.C.P. 26(b)(1). Without waiving said objections, these Defendants are not in possession of any documents responsive to this Request. These Defendants are not caregivers nor the custodian of the facility's records. This request is better directed to the licensee of the facility. Discovery is ongoing, and these Defendants reserve the right to amend and/or supplement their response to this request.**

5.      All electronic charting or documentation that relates to the resident in any way, including but not limited to all entries in the facility's CareTracker, PointClickCare, or similar system.

**RESPONSE:** **These Defendants object to this request as overbroad. Without waiving said objections, these Defendants are not in possession of any documents responsive to this Request. These Defendants are not caregivers nor the custodian of the facility's records. This request is better directed to the licensee of the facility. Discovery is ongoing, and these Defendants reserve the right to amend and/or supplement their response to this request.**

6.      All draft and/or deleted electronic chart entries regarding the resident, to the extent not already provided.

**RESPONSE:** **These Defendants object to this request as overbroad, unduly burdensome, and as seeking information which is neither relevant proportional to the needs of the case pursuant to F.R.C.P. 26(b)(1). Without waiving said objections, these Defendants are not in possession of any documents responsive to this Request. These Defendants are not caregivers nor the custodian of the facility's records. This request is better directed to the licensee of the facility. Discovery is ongoing, and these Defendants reserve the right to amend and/or supplement their response to this request.**

7.      All records of the resident's prescribed narcotics being received, dispensed and/or destroyed.

**RESPONSE:** **Defendants are not in possession of any documents responsive to this Request, other than the chart provided in disclosures.. These Defendants are not caregivers nor the custodian of the facility's records. This request is better directed to the licensee of the facility. Discovery is ongoing, and these Defendants reserve the right to amend and/or supplement their response to this request.**

8.      All documents that reflect the names, job title, termination date (if applicable), and last known address of all former employees, of the nursing staff who worked in the facility during the residency.

**RESPONSE:** **These Defendants object to this request as overbroad, unduly burdensome, and as seeking information which is neither relevant nor proportional to the needs of the case pursuant to F.R.C.P. 26(b)(1). This request is better directed to the licensee of the facility.**

9.      All 24-hour reports (a/k/a shift change reports) that reference or relate to the resident in any way. (<u>See</u>, Instruction No. 3, above).

**RESPONSE:** **These Defendants object to this request as overbroad and unduly burdensome. These Defendants are not caregivers nor the custodian of the facility's records. This request is better directed to the licensee of the facility. Discovery is ongoing, and these Defendants reserve the right to amend and/or supplement their response to this request.**

10.     All incident and accident reports, including all attachments and related statements, which pertain to the resident.

**RESPONSE:** **These Defendants object to this request as overbroad and unduly burdensome. These Defendants further object to this request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or otherwise from disclosure by the Federal Rules of Civil Procedure. Moreover, this request is not limited in time, location or scope. Further, Defendants are not caregivers nor the custodian of the facility's records. As discovery proceeds, These Defendants reserve the right to amend and/or supplement their response to this request.**

11.     All Event Reports submitted by the facility to the Pennsylvania Department of Health that pertain to the resident.

**RESPONSE:** **These Defendants object to this request as overbroad, unduly burdensome, assumes facts not in evidence, and as seeking information which is neither relevant nor proportional to the needs of the case pursuant to F.R.C.P. 26(b)(1). Moreover, this request is not limited in time, location or scope. Further, Defendants are not caregivers nor the custodian of the facility's records. As discovery proceeds, These Defendants reserve the right to amend and/or supplement their response to this request.**

12.     All incident and accident reports, including all attachments and related statements, that were generated by the facility during the residency and six months prior that relate to the following incidents, which are similar to the allegations in this case:

     a.      Falls;
     b.      Fall related injuries;
     c.      Infection(s);
     d.      Injuries of unknown origin; and
     e.      resident abuse.

(<u>See</u>, Instruction No. 3, above).

**<u>RESPONSE:</u> (a-e). These Defendants object to this request as overbroad, unduly burdensome, and as seeking information which is neither relevant nor proportional to the needs of the case pursuant to F.R.C.P. 26(b)(1). Moreover, this request is not limited in time, location or scope. These Defendants further object to this request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or otherwise from disclosure by the Federal Rules of Civil Procedure. This request is also invasive of HIPAA, Pennsylvania, and/or other privacy laws of other residents who are not a party to this action. Further, Defendants are not caregivers nor the custodian of the facility's records. As discovery proceeds, These Defendants reserve the right to amend and/or supplement their response to this request.**

13.     All documents that reflect any investigations performed by state or federal agencies that pertain to the resident.

**<u>RESPONSE:</u> These Defendants object to this request as overbroad, unduly burdensome, and as seeking information which is neither relevant nor proportional to the needs of the case pursuant to F.R.C.P. 26(b)(1). Moreover, this request is not limited in time, location or scope. These Defendants are not caregivers nor the custodian of the facility's records. As discovery proceeds, These Defendants reserve the right to amend and/or supplement their response to this request.**

14.     All surveyor's resident identifier lists that include the resident. (<u>See</u>, Instruction No. 3, above).

**<u>RESPONSE:</u> These Defendants object to this request as overbroad, unduly burdensome, and as seeking information which is neither relevant nor proportional to the needs of the case pursuant to F.R.C.P. 26(b)(1). Moreover, this request is not limited in time, location or scope. These Defendants also object to the fact that such request seeks documents, which to the extent they exist, would likely contain confidential information on other persons who are not a party to this action and production of the same would be in violation of the HIPAA, Pennsylvania, and other privacy laws. These Defendants are not caregivers nor the custodian of the facility's records. This request is better directed to the licensee of the facility.**

15.     Color copies of all photos of the resident in Defendants' or their counsel's possession, other than any produced by Plaintiff in this matter.

**<u>RESPONSE:</u> These Defendants are not in possession of any documents responsive to this Request at this time.**

16.     All documents related to investigations performed by Defendants or their agents, relating to the resident, prior to the date Defendants were served with original process in this

matter.

> **RESPONSE:** These Defendants object to this request as overbroad, unduly burdensome, and as seeking information which is neither relevant nor proportional to the needs of the case pursuant to F.R.C.P. 26(b)(1). These Defendants further object to this request to the extent that it seeksinformation protected by the attorney-client privilege, the work product doctrine, or otherwise from disclosure by the Federal Rules of Civil Procedure. These Defendants are not caregivers nor the custodian of the facility's records. This request is better directed to the licensee of the facility. As discovery proceeds, These Defendants reserve the right to amend and/or supplement their response to this request.

17.    A complete copy of the facility's billing file(s) that pertains to the resident.

> **RESPONSE:** Defendants are not caregivers nor the custodian of the facility's records. This request is better directed to the licensee of the facility. As discovery proceeds, These Defendants reserve the right to amend and/or supplement their response to this request.

18.    A complete copy of the facility's admission file(s) that pertains to the resident.

> **RESPONSE:** Defendants are not caregivers nor the custodian of the facility's records. This request is better directed to the licensee of the facility. As discovery proceeds, These Defendants reserve the right to amend and/or supplement their response to this request.

19.    A complete copy of the facility's administrative file(s) that pertains to the resident.

> **RESPONSE:** Defendants are not caregivers nor the custodian of the facility's records. This request is better directed to the licensee of the facility. As discovery proceeds, These Defendants reserve the right to amend and/or supplement their response to this request.

20.    A complete copy of all documents and correspondence exchanged by and between the facility and any non-party (i.e., hospital, physician, etc.) and which pertains to the admission of the resident to the facility and/or evaluating whether the resident is appropriate for admission to the facility.

> **RESPONSE:** These Defendants object to this request as overbroad and unduly burdensome. These Defendants are not caregivers nor the custodian of the facility's records. This request is better directed to the licensee of the facility. As discovery proceeds, These Defendants reserve the right to amend and/or supplement their response to this request.

21.    All insurance declaration pages from all insurance policies (including primary, excess, umbrella, MCARE, self-funded, and/or SIR policies or plans) that may provide coverage

for this matter.

> **RESPONSE:** These Defendants object to this request as overbroad, unduly burdensome. Without waiving the foregoing objections, not applicable as to these Defendants.

22.     A complete copy of all insurance policies (including primary, excess, umbrella, MCARE, self-funded, and/or SIR policies or plans) that may provide coverage for this matter.

> **RESPONSE:** These Defendants object to this request as overbroad, unduly burdensome. and as seeking information which is neither relevant nor proportional to the needs of the case pursuant to F.R.C.P. 26(b)(1). Without waiving the foregoing objections, not applicable as to these Defendants.

23.     The budget(s) in place at the facility during each fiscal year during which any portion of the residency occurred.

> **RESPONSE:** These Defendants object to this request as overbroad, vague, unduly burdensome, and as seeking information which is neither relevant nor proportional to the needs of the case pursuant to F.R.C.P. 26(b)(1). These Defendants also object to this request because it seeks confidential financial information. These Defendants are also not the custodian of the facility's records.

24.     All documents, charts, email conversations and/or email strings, and/or reports (i.e. budget fluctuation reports) that compare the facility's budgeted financial performance to its actual financial performance, pertaining in whole or in part to periods of time during which the residency occurred.

> **RESPONSE:** These Defendants object to this request as overbroad, unduly burdensome, and as seeking information which is neither relevant nor proportional to the needs of the case pursuant to F.R.C.P. 26(b)(1). These Defendants also object to this request because it seeks confidential financial information. These Defendants are also not the custodian of the facility's records.

25.     All contracts and/or agreements for management services that were in effect at the facility during the residency.

> **RESPONSE:** These Defendants object to this request as overbroad, unduly burdensome, and as seeking information which is neither relevant nor proportional to the needs of the case pursuant to F.R.C.P. 26(b)(1). Further this request seeks confidential financial information.

26.     All contracts and/or agreements for home office services that were in effect at the facility during the residency.

**RESPONSE:** **These Defendants object to this request as overbroad, unduly burdensome, and as seeking information which is neither relevant nor proportional to the needs of the case pursuant to F.R.C.P. 26(b)(1). Further this request seeks confidential financial information.**

27.     All contracts for the provision of pharmacy services (both dispensing and consultative) to the facility and which were in effect during the residency.

**RESPONSE:** **These Defendants object to this request as overbroad, unduly burdensome, and as seeking information which is neither relevant nor proportional to the needs of the case pursuant to F.R.C.P. 26(b)(1). Further this request seeks confidential financial information.**

28.     All contracts for the provision of physical, occupational and/or speech therapy services at the facility and which were in effect during the residency.

**RESPONSE:** **These Defendants object to this request as overbroad, unduly burdensome, and as seeking information which is neither relevant nor proportional to the needs of the case pursuant to F.R.C.P. 26(b)(1). Further this request seeks confidential financial information.**

29.     All contracts that identify the employer(s) of the persons providing physical, occupational and/or speech therapy services at the facility during the residency.

**RESPONSE:** **These Defendants object to this request as overbroad, unduly burdensome, and as seeking information which is neither relevant nor proportional to the needs of the case pursuant to F.R.C.P. 26(b)(1). Further this request seeks confidential financial information.**

30.     All contracts in effect during the residency by and between the facility and any medical or nursing staffing company related to the provision of agency, PRN, and/or temporary CNAs or nurses to the facility.

**RESPONSE:** **These Defendants object to this request as overbroad, unduly burdensome, and as seeking information which is neither relevant nor proportional to the needs of the case pursuant to F.R.C.P. 26(b)(1). Further this request seeks confidential financial information.**

31.     The complete Medicare cost report(s), and all attachments and filings related thereto, filed by or on behalf of the facility, pertaining to all reporting periods during which any portion of the residency occurred.

**RESPONSE:** **These Defendants object to this request as overbroad, unduly burdensome, and as seeking information which is neither relevant nor proportional to the needs of the case pursuant to F.R.C.P. 26(b)(1). These Defendants also object to this request because it seeks confidential financial information. These Defendants are not the custodian of the facility's records.**

32.     The complete Medicare home office cost report(s), and all attachments and filings related thereto, filed by or on behalf of the facility and/or its home office, pertaining to all reporting periods during which any portion of the residency occurred.

**RESPONSE: These Defendants object to this request as overbroad, unduly burdensome, and as seeking information which is neither relevant nor proportional to the needs of the case pursuant to F.R.C.P. 26(b)(1). These Defendants also object to this request because it seeks confidential financial information. These Defendants are not the custodian of the facility's records.**

33.     The complete Medicaid cost report(s), and all attachments and filings related thereto, filed by or on behalf of the facility, pertaining to all reporting periods during which any portion of the residency occurred.

**RESPONSE: These Defendants object to this request as overbroad, unduly burdensome, and as seeking information which is neither relevant nor proportional to the needs of the case pursuant to F.R.C.P. 26(b)(1). These Defendants also object to this request because it seeks confidential financial information. These Defendants are not the custodian of the facility's records.**

34.     All correspondence, including any attachments thereto, by and between any defendant and/or the defendants' agents on the one hand, and the Pennsylvania Department of Health on the other hand, pertaining to:

    a.    the facility's licensure;

    b.    any change in the facility's ownership or corporate structure; and,

    c.    the facility's survey performance, deficiencies, and/or plans of correction.

**RESPONSE: (a-c). These Defendants object to this request as overbroad, unduly burdensome, and as seeking information which is neither relevant nor proportional to the needs of the case pursuant to F.R.C.P. 26(b)(1). These Defendants also object to this request in the event it potentially seeks documents containing confidential information of other persons who are not a party to this action and production of the same would be in violation of the HIPAA, State, and other privacy laws. This request is also not limited in any time or scope.**

35.     A floor plan reflecting how the facility appeared during the residency.

**RESPONSE: These Defendants are not in possession of documents responsive to this Request.**

36.     The policy and procedure manuals in effect at the facility during the residency relating to nursing services, social services, pharmacy services, the admission of new residents, and administrative operations.

**RESPONSE: These Defendants object to this request as overbroad, unduly burdensome, and as seeking information which is neither relevant nor proportional to the needs of the case pursuant to F.R.C.P. 26(b)(1). These Defendants are not caregivers nor the custodian of the facility's records. This request is better directed to the licensee of the facility.**

37.     All documents pertaining to all in-services held for members of the nursing department at the facility during the residency and one year prior, including:

        a.      copies of the in-service presentations;

        b.       sign-in sheets reflecting the names of those in attendance at the in-services; and,

        c.      handouts provided to those in attendance at the in-services.

**RESPONSE: (a-c). These Defendants object to this request as overbroad, unduly burdensome, and as seeking information which is neither relevant nor proportional to the needs of the case pursuant to F.R.C.P. 26(b)(1). These Defendants are not caregivers nor the custodian of the facility's records. This request is better directed to the licensee of the facility.**

38.     All training videos prepared by Defendants and/or third parties on behalf of Defendants, which were used by Defendants to train their nursing staff members during the residency and one (1) year prior.

**RESPONSE: These Defendants object to this request as overbroad, unduly burdensome, and as seeking information which is neither relevant nor proportional to the needs of the case pursuant to F.R.C.P. 26(b)(1). These Defendants are not caregivers nor the custodian of the facility's records. This request is better directed to the licensee of the facility.**

39.     The job descriptions that were in effect at the facility during the residency for the following positions:

        a.      Administrator/Executive Director;

        b.      Director of Nursing/Nursing Services;

        c.      Registered Nurse (RN);

        d.      Licensed Practical Nurse (LPN);

e.      Certified Nursing Assistant (CNA);

f.      Medical Director;

g.      Director of Operations;

h.      Regional Vice President and/or Area Vice President; and,

i.      Regional/Corporate/Clinical Nurse Consultant.

**RESPONSE:** **(a-i). These Defendants are not in possession of documents responsive to this request. These Defendants are not caregivers nor the custodian of the facility's records. This request is better directed to the licensee of the facility.**

40.      The orientation and/or procedure manuals that were in effect at the facility during the residency and which were applicable to the following positions:

a.      Administrator/Executive Director;

b.      Director of Nursing/Nursing Services;

c.      Registered Nurse (RN);

d.      Licensed Practical Nurse (LPN);

e.      Certified Nursing Assistant (CNA);

f.      Medical Director;

g.      Director of Operations;

h.      Regional Vice President and/or Area Vice President; and,

i.      Regional/Corporate/Clinical Nurse Consultant.

**RESPONSE:** **(a-i). These Defendants are not in possession of documents responsive to this request. These Defendants are not caregivers nor the custodian of the facility's records. This request is better directed to the licensee of the facility.**

41.      The contract in effect by and between the Defendants and the facility's Medical Director during the residency.

**RESPONSE:** **These Defendants object to this request as overbroad, unduly burdensome, and as seeking information which is neither relevant nor proportional to the needs of the case pursuant to F.R.C.P. 26(b)(1). Further**

**this request seeks confidential financial information. These Defendants are not caregivers nor the custodian of the facility's records. This request is better directed to the licensee of the facility.**

42.     The provider agreement between the facility and:

        a.      The Commonwealth of Pennsylvania; and,

        b.      The Centers for Medicare and Medicaid Services (CMS).

**RESPONSE: (a-b). These Defendants object to this request as overbroad, unduly burdensome, and as seeking information which is neither relevant nor proportional to the needs of the case pursuant to F.R.C.P. 26(b)(1). This request is also not limited in any time or scope. These Defendants are not caregivers nor the custodian of the facility's records. This request is better directed to the licensee of the facility.**

43.     All reports, memoranda, visit reports, and/or emails generated by any nursing consultant, a/k/a Regional/Corporate/Clinical Nurse Consultant, pertaining to evaluations of the facility's staff and/or the facility's provision of care that relate to the residency and six months prior.

**RESPONSE: These Defendants object to this request as overbroad, unduly burdensome, and as seeking information which is neither relevant nor proportional to the needs of the case pursuant to F.R.C.P. 26(b)(1). These Defendants further object to this request as seeking information which is protected by the attorney-client privilege, the work product doctrine, the Pennsylvania Peer Review Privilege or otherwise protected from disclosure by the Federal Rules of Civil Procedure. This request also potentially seeks documents containing confidential information on persons who are not a party to this action and production of the same would be in violation of the HIPAA, State, and other privacy laws.**

44.     All resident council meeting minutes pertaining to meetings that took place during the residency and one year prior. (See Instruction No. 3, above).

**RESPONSE: These Defendants are not in possession of documents responsive to this request. These Defendants are not caregivers nor the custodian of the facility's records. This request is better directed to the licensee of the facility.**

45.     All family council meeting minutes pertaining to meetings that took place during the residency and one year prior. (See Instruction No. 3, above).

**RESPONSE: These Defendants are not in possession of documents responsive to this request. These Defendants are not caregivers nor the custodian of the facility's records. This request is better directed to the licensee of the facility.**

46.     The reports used at the facility to document daily census and staffing PPD during the residency and one (1) year prior.

**RESPONSE:** **These Defendants object to this request as overbroad, unduly burdensome, and as seeking information which is neither relevant nor proportional to the needs of the case pursuant to F.R.C.P. 26(b)(1). Without waiving the foregoing objections, These Defendants are not in possession of any documents responsive to this Request, other than those provided by Co-Defendants in response to Plaintiff's initial Request to Produce. These Defendants are not caregivers nor the custodian of the facility's records. This request is better directed to the licensee of the facility.**

47.     The reports used at the facility to track budgeted/expected PPD vs. actual PPD during the residency and one (1) year prior.

**RESPONSE:** **These Defendants object to this request as overbroad, unduly burdensome, and as seeking information which is neither relevant nor proportional to the needs of the case pursuant to F.R.C.P. 26(b)(1). This request also seeks documents containing confidential financial information. These Defendants are not the custodian of the facility's records.**

48.     The reports used at the facility track budgeted/expected census vs. actual census during the residency and one (1) year prior.

**RESPONSE:** **These Defendants object to this request as overbroad, unduly burdensome, and as seeking information which is neither relevant nor proportional to the needs of the case pursuant to F.R.C.P. 26(b)(1). This request also seeks documents containing confidential financial information. These Defendants are not the custodian of the facility's records.**

49.     The reports used at the facility to track the acuity of the resident population during the residency and one (1) year prior.

**RESPONSE:** **These Defendants object to this request as overbroad, unduly burdensome, and as seeking information which is neither relevant nor proportional to the needs of the case pursuant to F.R.C.P. 26(b)(1). This request also potentially seeks documents containing confidential information on persons who are not a party to this action and production of the same would be in violation of the HIPAA, State, and other privacy laws. These Defendants are not the custodian of the facility's records.**

50.     The facility's nursing staff schedules and sign-in sheets pertaining to the days and shifts of the residency.

**RESPONSE:** **These Defendants object to this request as overbroad, unduly burdensome, and as seeking information which is neither relevant nor proportional to the needs of the case pursuant to F.R.C.P. 26(b)(1). These**

**Defendants are not caregivers nor the custodian of the facility's records. This request is better directed to the licensee of the facility.**

51. The CNA assignment sheets evidencing which CNAs were assigned to the resident during the residency. (<u>See</u> Instruction No. 3, above).

**<u>RESPONSE:</u> These Defendants object to this request as overbroad, unduly burdensome, and as seeking information which is neither relevant nor proportional to the needs of the case pursuant to F.R.C.P. 26(b)(1). These Defendants are not caregivers nor the custodian of the facility's records. This request is better directed to the licensee of the facility.**

52. For the facility's Regional Vice President, Area Vice President, Regional/District Director of Operations, Regional/Corporate/Clinical Nurse Consultant, Administrator, Executive Director, and Director of Nursing who served in those roles at any time during the residency:

      a.    the most recent resume or CV in the individual's or Defendants' possession;

      b.    employment application(s);

      c.    all performance evaluations;

      d.    all disciplinary actions;

      e.    all termination and/or resignation letters;

      f.    all written complaints by or about such individuals

      g.    all separation agreements and/or similar agreements; and,

      h.    all exit interview documents.

**<u>RESPONSE:</u> (a-h). These Defendants object to this request as overbroad, unduly burdensome, and as seeking information which is neither relevant nor proportional to the needs of the case pursuant to F.R.C.P. 26(b)(1). This request also potentially seeks documents containing confidential information on persons who are not a party to this action and production of the same would be in violation of the HIPAA, State, and other privacy laws.**

53. For the members of the nursing staff who provided care to the resident during the residency:

      a.    all employment application(s);

      b.    all performance evaluations;

    c.      all disciplinary actions;

    d.      all termination and/or resignation letters;

    e.      all written complaints by or about such individuals;

    f.      All separation agreements and/or similar agreements; and

    g.      all exit interview documents.

**RESPONSE: (a-g). These Defendants object to this request as overbroad, unduly burdensome, and as seeking information which is neither relevant nor proportional to the needs of the case pursuant to F.R.C.P. 26(b)(1). This request also potentially seeks documents containing confidential information on persons who are not a party to this action and production of the same would be in violation of the HIPAA, State, and other privacy laws. These Defendants are not the custodian of the facility's records.**

54.    For the members of the nursing staff who worked at the facility during the residency:

    a.      employment application(s);

    b.      all performance evaluations;

    c.      all disciplinary actions;

    d.      all termination and/or resignation letters;

    e.      all written complaints by or about such individuals;

    f.      all separation agreements and/or similar agreements; and

    g.      all exit interview documents.

**RESPONSE: (a-g). These Defendants object to this request as overbroad, unduly burdensome, and as seeking information which is neither relevant nor proportional to the needs of the case pursuant to F.R.C.P. 26(b)(1). This request also potentially seeks documents containing confidential information on persons who are not a party to this action and production of the same would be in violation of the HIPAA, State, and other privacy laws. These Defendants are not the custodian of the facility's records.**

55.     The results of all mock surveys performed at the facility during the residency and six months prior.

> **RESPONSE:** **These Defendants object to this request as overbroad, unduly burdensome, and as seeking information which is neither relevant nor proportional to the needs of the case pursuant to F.R.C.P. 26(b)(1). This request also potentially seeks documents containing confidential information on persons who are not a party to this action and production of the same would be in violation of the HIPAA, State, and other privacy laws. These Defendants are not the custodian of the facility's records.**

56.     All correspondence, comment cards, surveys and/or complaints in Defendants' possession that were authored by and/or filled out by the resident or any family member or representative of the resident.

> **RESPONSE:** **These Defendants object to this request as overbroad, unduly burdensome, and as seeking information which is neither relevant nor proportional to the needs of the case pursuant to F.R.C.P. 26(b)(1). These Defendants are not the custodian of the facility's records.**

57.     The results of all surveys of residents and/or the residents' families regarding the services provided by the facility (i.e. customer satisfaction surveys), limited to surveys performed during the residency and one year prior.

> **RESPONSE:** **These Defendants object to this request as overbroad, unduly burdensome, and as seeking information which is neither relevant nor proportional to the needs of the case pursuant to F.R.C.P. 26(b)(1). These Defendants are not the custodian of the facility's records.**

58.     All call light audits and other documentation of the response times for call lights at the Facility during the residency and six months prior.

> **RESPONSE:** **These Defendants object to this request as overbroad, unduly burdensome, and as seeking information which is neither relevant nor proportional to the needs of the case pursuant to F.R.C.P. 26(b)(1). This request also potentially seeks documents containing confidential information on persons who are not a party to this action and production of the same would be in violation of the HIPAA, State, and other privacy laws. These Defendants are not caregivers nor the custodian of the facility's records. This request is better directed to the licensee of the facility.**

59.     All documentation of calls to the Defendants' complaint hotline and investigations into such calls, as well as any written complaints or grievances received by the Defendants during the residency and six months prior, pertaining to:

        a.     the facility's staffing levels;

          b.      call light response times and/or lack of response; and,

          c.      the resident.

**RESPONSE: (a-c). These Defendants object to this request as overbroad, unduly burdensome, and as seeking information which is neither relevant nor proportional to the needs of the case pursuant to F.R.C.P. 26(b)(1). This request also potentially seeks documents containing confidential information on persons who are not a party to this action and production of the same would be in violation of the HIPAA, State, and other privacy laws. These Defendants are not caregivers nor the custodian of the facility's records. This request is better directed to the licensee of the facility.**

60.     All licenses (including any provisional licenses) to operate that were in effect at the Facility during the residency.

**RESPONSE: These Defendants object to this request as overbroad, unduly burdensome, and as seeking information which is neither relevant nor proportional to the needs of the case pursuant to F.R.C.P. 26(b)(1). These Defendants are not the custodian of the facility's records. This request is better directed to the licensee of the facility.**

61.     The meeting minutes for the board of directors of each Defendant, limited to meetings that occurred during the residency and one year prior.

**RESPONSE: These Defendants object to this request as overbroad, unduly burdensome, and as seeking information which is neither relevant nor proportional to the needs of the case pursuant to F.R.C.P. 26(b)(1). This request also potentially seeks documents containing confidential information on persons who are not a party to this action and production of the same would be in violation of the HIPAA, State, and other privacy laws. This request improperly seeks confidential financial information.**

62.     The meeting minutes for the members, managers, partners, chief executives and/or directors of each Defendant, limited to meetings that occurred during the residency and one year prior.

**RESPONSE: These Defendants object to this request as overbroad, unduly burdensome, and as seeking information which is neither relevant nor proportional to the needs of the case pursuant to F.R.C.P. 26(b)(1). This request also potentially seeks documents containing confidential information on persons who are not a party to this action and production of the same would be in violation of the HIPAA, State, and other privacy laws. This request improperly seeks confidential financial information.**

63.     The bonus program/criteria in effect for Defendants' officers, directors and employees during the residency.

**RESPONSE:** These Defendants object to this request as overbroad, unduly burdensome, and as seeking information which is neither relevant nor proportional to the needs of the case pursuant to F.R.C.P. 26(b)(1). This request also potentially seeks documents containing confidential information on persons who are not a party to this action and production of the same would be in violation of the HIPAA, State, and other privacy laws. This request improperly seeks confidential financial information.

64.    All separation agreements by and between any of the Defendants and:

        a.     Any of the resident's caregivers at the facility;

        b.     The facility's Administrator(s) during the residency;

        c.     The facility's Director of Nursing(s) during the residency;

        d.     The Regional Director(s) of Operations whose territory included the facilityduring the residency;

        e.     The Regional/Corporate/Clinical Nurse Consultant(s) whose  territoryincluded the facility during the residency; and

        f.     Any other individual identified as a witness in this matter or whoDefendants reasonably suspect may be called to testify in this matter.

**RESPONSE:** (a-f). These Defendants object to this request as overbroad, unduly burdensome, and as seeking information which is neither relevant nor proportional to the needs of the case pursuant to F.R.C.P. 26(b)(1). This request also potentially seeks documents containing confidential information on persons who are not a party to this action and production of the same would be in violation of the HIPAA, State, and other privacy laws. This request is also not limited in any time or scope. This request improperly seeks confidential financial information.

65.    All contracts, agreements or other writings containing anti-disparagement provisions, and/or non-disclosure clauses or language, by and between any of the Defendants and:

        a.     Any of the resident's caregivers at the facility;

        b.     The facility's Administrator(s) during the residency;

        c.     The facility's Director of Nursing(s) during the residency;

        d.     The Regional Director(s) of Operations whose territory included the facilityduring the residency;

e.　The Regional/Corporate/Clinical Nurse Consultant(s) whose territoryincluded the facility during the residency; and

f.　Any other individual identified as a witness in this matter or whoDefendants reasonably suspect may be called to testify in this matter.

**RESPONSE: (a-f). These Defendants object to this request as overbroad, unduly burdensome, and as seeking information which is neither relevant nor proportional to the needs of the case pursuant to F.R.C.P. 26(b)(1). This request also potentially seeks documents containing confidential information on persons who are not a party to this action and production of the same would be in violation of the HIPAA, State, and other privacy laws. This request is also not limited in any time or scope. This request improperly seeks confidential financial information.**

66.　All Complaints filed in any litigation and/or administrative proceedings by and between any of the Defendants and:

a.　Any of the resident's caregivers at the facility;

b.　The facility's Administrator(s) during the residency;

c.　The facility's Director of Nursing(s) during the residency;

d.　The Regional Director(s) of Operations whose territory included the facilityduring the residency;

e.　The Regional/Corporate/Clinical Nurse Consultant(s) whose territoryincluded the facility during the residency; and

f.　Any other individual identified as a witness in this matter or whoDefendants reasonably suspect may be called to testify in this matter.

**RESPONSE: (a-f). These Defendants object to this request as overbroad, unduly burdensome, and as seeking information which is neither relevant nor proportional to the needs of the case pursuant to F.R.C.P. 26(b)(1). This request also potentially seeks documents containing confidential information on persons who are not a party to this action and production of the same would be in violation of the HIPAA, State, and other privacy laws. This request is also not limited in any time or scope.**

67.　All lease, master lease and sublease agreements that relate in any way to the facility and which were in effect during the residency.

**RESPONSE: These Defendants object to this request as overbroad, unduly burdensome, and as seeking information which is neither relevant nor**

**proportional to the needs of the case pursuant to F.R.C.P. 26(b)(1). This request improperly seeks confidential financial information.**

68.     All loan agreements that relate in any way to the facility and which were in effect during the residency.

      **RESPONSE: These Defendants object to this request as overbroad, unduly burdensome, and as seeking information which is neither relevant nor proportional to the needs of the case pursuant to F.R.C.P. 26(b)(1). This request improperly seeks confidential financial information.**

69.     All agreements and contracts pursuant to which the facility's accounts receivable and/or revenue were pledged during the residency.

      **RESPONSE: These Defendants object to this request as overbroad, unduly burdensome, and as seeking information which is neither relevant nor proportional to the needs of the case pursuant to F.R.C.P. 26(b)(1). This request improperly seeks confidential financial information.**

70.     A complete copy of all leases, mortgages, loan agreements, financing agreements or other agreements or contracts in effect during the residency and pursuant to which any of the following information was reported, either individually or in the aggregate, to any non-Defendant entities:

        a.     The facility's financial performance;

        b.     The facility's survey performance; and,

        c.     The facility's residents' clinical condition.

      **RESPONSE: (a-c). These Defendants object to this request as overbroad, unduly burdensome, and as seeking information which is neither relevant nor proportional to the needs of the case pursuant to F.R.C.P. 26(b)(1). This request improperly seeks confidential financial information.**

71.     A complete copy of all documents and data submitted by or on behalf of the Defendants to all landlords, mortgagees, and/or lenders, limited to documents and data submitted during the residency, one year prior to the residency, and six months after the residency, and further limited to those documents and data that pertain to and/or report on (1) the facility individually, and/or (2) any grouping of facilities of which the facility herein was a part.

      **RESPONSE: These Defendants object to this request as overbroad, unduly burdensome, and as seeking information which is neither relevant nor proportional to the needs of the case pursuant to F.R.C.P. 26(b)(1). This request improperly seeks confidential financial information.**

72.     All Form-10K, Form-10Q, Form 14-A, and Form-8K documents that have been filed by or on behalf of any Defendant with the Securities and Exchange Commission, limited to documents filed during the residency, one year prior to the residency and six months after the residency.

>    **RESPONSE: These Defendants object to this request as overbroad, unduly burdensome, and as seeking information which is neither relevant nor proportional to the needs of the case pursuant to F.R.C.P. 26(b)(1). This request seeks documents containing confidential financial information.**

73.     All statements Defendants or their counsel have received from any of Defendants' former or current employees regarding this matter.

>    **RESPONSE: These Defendants object to this request as overbroad, unduly burdensome, and as seeking information which is neither relevant nor proportional to the needs of the case pursuant to F.R.C.P. 26(b)(1). This request is also potentially invasive of attorney-client privilege, the work product doctrine, or otherwise from disclosure by the Federal Rules of Civil Procedure. Without waiving said objections, none at this time.**

74.     All letters and/or emails, including all attachments and enclosures, sent by Defendants to any former or current employee regarding the resident and/or this matter.

>    **RESPONSE: These Defendants object to this request as overbroad, unduly burdensome, and as seeking information which is neither relevant nor proportional to the needs of the case pursuant to F.R.C.P. 26(b)(1). These Defendants further object to this request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or otherwise from disclosure by the Federal Rules of Civil Procedure. Without waiving the foregoing objections, none at this time.**

75.     All letters and/or emails, including all attachments and enclosures, sent by Defendants' counsel to any of Defendants' former employees regarding the resident and/or this matter.

>    **RESPONSE: These Defendants object to this request as overbroad, unduly burdensome, and as seeking information which is neither relevant nor proportional to the needs of the case pursuant to F.R.C.P. 26(b)(1). These Defendants further object to this request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or otherwise from disclosure by the Federal Rules of Civil Procedure. Without waiving the foregoing objections, none at this time.**

**THE LAW OFFICE OF JONATHAN D. LEVITAN, LLC**

Dated: September 23, 2022      By: _/s/ Jonathan D. Levitan_

Jonathan D. Levitan, Esquire
PA Attorney I.D. No.: 53098
430 Williams Road
Wynnewood, PA 19096
(484) 413-2935

*Attorney for Defendants,*
Apex Global Solutions LLC, Apex Healthcare
Partners LLC, Jacob Karmel, and Nathan Stern

## CERTIFICATE OF SERVICE

I, the undersigned attorney for Defendants, Apex Global Solutions LLC, Apex Healthcare Partners LLC, Jacob Karmel, and Nathan Stern hereby attest and certify that a true and correct copy of the foregoing Responses to Plaintiff's Requests for Production of Documents (Set I) was served on the following, via electronic mail and/or first-class U.S. Mail, on the date set forth below:

William P. Murray III, Esquire
Matthew Stone, Esquire
Murray, Stone & Wilson, PLLC
One Belmont Avenue
Suite 310
Bala Cynwyd, Pennsylvania 19004
wmurray@mswlawgroup.com
mstone@mswlawgroup.com
*Attorney for Plaintiff*

Lois M. Shenk, Esquire
Cipriani & Werner, PC
450 Sentry Parkway; Suite 200
Blue Bell, PA 19422
(610)567-0700
lshenk@c-wlaw.com
*Attorneys for Defendants, Platinum Healthcare at Westgate, LLC d/b/a Westgate Hills and Vintage Healthcare, LLC*

**THE LAW OFFICE OF JONATHAN D. LEVITAN, LLC**

Dated: September 23, 2022      By: */s/ Jonathan D. Levitan*
                                        Jonathan D. Levitan, Esquire

## IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NANCY P. TORELLO, as Administrator of the ESTATE OF RAMON J. TORELLO, deceased,<br><br>     Plaintiff,<br><br>v.<br><br>PLATINUM HEALTHCARE GROUP, LLC; PLATINUM HEALTH AT WESTGATE, LLC, d/b/a WESTGATE HILLS REHABILITATION AND NURSING CENTER; APEX GLOBAL SOLUTIONS, LLC; APEX HEALTHCARE PARTNERS, LLC; VINTAGE HEALTHCARE, LLC; PLATINUM PA HOLDINGS, LLC; 2050 OLD WEST CHESTER PIKE, LLC; JACOB KARMEL and NATHAN STERN,<br><br>     Answering Defendants.<br>_____ / | Case No. 2:22-cv-01271<br><br>ANSWERING DEFENDANTS, APEX GLOBAL SOLUTIONS, LLC, APEX HEALTHCARE PARTNERS, LLC, JACOB KARMEL, AND NATHAN STERN'S, OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES |

## VERIFICATION

I, I, Jacob Karmel, verify that I am authorized to make this Verification on behalf of Defendants, Apex Global Solutions, LLC and Apex Healthcare Partners, LLC. I have read the averments contained in the foregoing Objections and Responses to Plaintiff's Requests for Production (set I), and verify the factual allegations contained therein are true and correct to the best of my knowledge, information and belief. The language contained therein is that of counsel and not of the undersigned. I understand this Verification is being made subject to the penalties of 28 U.S.C. § 1746, relating to unsworn falsification to authorities.

*Jacob Karmel*
_____
Jacob Karmel, Representative for Defendants, Apex Global Solutions, LLC and Apex Healthcare Partners, LLC

Dated:

## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NANCY P. TORELLO, as Administrator of the ESTATE OF RAMON J. TORELLO, deceased,<br><br>     Plaintiff,<br><br>v.<br><br>PLATINUM HEALTHCARE GROUP, LLC; PLATINUM HEALTH AT WESTGATE, LLC, d/b/a WESTGATE HILLS REHABILITATION AND NURSING CENTER; APEX GLOBAL SOLUTIONS, LLC; APEX HEALTHCARE PARTNERS, LLC; VINTAGE HEALTHCARE, LLC; PLATINUM PA HOLDINGS, LLC; 2050 OLD WEST CHESTER PIKE, LLC; JACOB KARMEL and NATHAN STERN,<br><br>     Answering Defendants.<br>_____ / | Case No. 2:22-cv-01271<br><br>ANSWERING DEFENDANTS, APEX GLOBAL SOLUTIONS, LLC, APEX HEALTHCARE PARTNERS, LLC, JACOB KARMEL, AND NATHAN STERN'S, OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES |

## **VERIFICATION**

I, Nathan Stern, have read the averments contained in the foregoing Objections and Responses to Plaintiff's Requests for Production (set I), and verify the factual allegations contained therein are true and correct to the best of my knowledge, information and belief. The language contained therein is that of counsel and not of the undersigned. I understand this Verification is being made subject to the penalties of 28 U.S.C. § 1746, relating to unsworn falsification to authorities.

_____
Nathan Stern

Dated:

## IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NANCY P. TORELLO, as Administrator of the ESTATE OF RAMON J. TORELLO, deceased,<br><br>      Plaintiff,<br><br>v.<br><br>PLATINUM HEALTHCARE GROUP, LLC; PLATINUM HEALTH AT WESTGATE, LLC, d/b/a WESTGATE HILLS REHABILITATION AND NURSING CENTER; APEX GLOBAL SOLUTIONS, LLC; APEX HEALTHCARE PARTNERS, LLC; VINTAGE HEALTHCARE, LLC; PLATINUM PA HOLDINGS, LLC; 2050 OLD WEST CHESTER PIKE, LLC; JACOB KARMEL and NATHAN STERN,<br><br>      Answering Defendants.<br>_____ / | Case No. 2:22-cv-01271<br><br>ANSWERING DEFENDANTS, APEX GLOBAL SOLUTIONS LLC, APEX HEALTHCARE PARTNERS LLC, JACOB KARMEL, AND NATHAN STERN'S, OBJECTIONS AND RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS (SET II) |

## DEFENDANTS,' APEX GLOBAL SOLUTIONS LLC, APEX HEALTHCARE PARTNERS LLC, JACOB KARMEL AND NATHAN STERN'S, OBJECTIONS AND RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS (SET II)

Pursuant to the Federal Rules of Civil Procedure, Defendants, Apex Global Solutions LLC, Apex Healthcare Partners LLC, Jacob Karmel and Nathan Stern ("These Defendants"), ("These Defendants") by and through their attorneys hereby object and respond to Plaintiff's Requests for Production of Documents (Set II).

## PRELIMINARY STATEMENT

The objections and responses to these requests for production of documents are based on information presently available. These Defendants reserve the right to supplement these responses as provided by Rule 26 of the Federal Rules of Civil Procedure.

## **GENERAL OBJECTIONS**

A.      These Defendants object to any request that is overly broad and/or which seeks information that is neither relevant nor proportional to the needs of the case pursuant to F.R.C.P. 26(b)(1).

B.      These Defendants object to any request which seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine.

C.      These Defendants object to any request which seeks information not within the scope of permissible discovery authorized by the Federal Rules of Civil Procedure.

D.      These Defendants object to any request which seeks confidential and/or proprietary information.

E.      These Defendants reserve the right to challenge the competency, relevancy, materiality, and/or admissibility of, or object on any grounds to the use of, the documents or information provided in response to any requests.

F.      These Defendants have not completed their discovery nor preparation for trial in this matter. Accordingly, these responses are made without prejudice to These Defendants' right to present additional information at trial based upon information later obtained or evaluated.

G.      These Defendants object to Plaintiff's requests because these Defendants were not the licensee of the facility during the subject residency, they were not caregivers of the patient, and they are not custodian of records for the subject nursing home facility.

H.      Each of These Defendants' General Objections are hereby incorporated into each of These Defendants' Responses to Plaintiff's Second Requests for Production of Documents. Specific objections are set forth as follows:

## REQUESTS FOR PRODUCTION

1.   All emails, email conversations and email strings that pertain to the resident and which were authored and/or received by Defendants' employees and agents, excluding communications between Defendants and their counsel.

> **RESPONSE:   Objection. Overbroad, vague, and unduly burdensome. This request further seeks information which is neither relevant nor proportional to the needs of the case pursuant to F.R.C.P. 26(b)(1). These Defendants further object to this request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or otherwise from disclosure by the Federal Rules of Civil Procedure. These Defendants also object to the scope of this request as this request seeks all such documents during the residency and for one year prior. Lastly, this request is improper and irrelevant to these Defendants who are not the licensee of the facility, were not caregivers of the patient, nor are they the custodian of records of the subject nursing home facility.**

2.   All emails, email conversations and email strings that were authored and/or received by the facility's Regional Director of Operations, Regional/Corporate/Clinical Nurse Consultant, Administrator/Executive Director and Director of Nursing/Nursing Services, limited to emails written during the residency and one year prior, which contain the following search terms including any and all derivatives thereof:

- Staff;
- Labor;
- Hours;
- Overtime/OT;
- Missed Punch;
- Late Punch;
- PPD;
- HPPD;
- Budget;
- Census;
- Costs;
- RUG/Resource Utilization Group;
- Case Mix/CMI;
- Payer Mix;
- Expenses;
- RTH/Return to Hospital;
- Discharge/D/C;
- Transfer;
- Bell;
- Light/Call Light;
- Survey;
- Deficiency;

- Rehospitalization;
- Fall(s);
- Fracture(s);
- Head injuries;
- Hematoma(s);
- Infection; and,
- Torello.

**RESPONSE: Objection. Overbroad, vague, and unduly burdensome. This request further seeks information which is neither relevant nor proportional to the needs of the case pursuant to F.R.C.P. 26(b)(1). These Defendants further object to this request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or otherwise from disclosure by the Federal Rules of Civil Procedure. These Defendants also object to the scope of this request as this request seeks all such documents during the residency and for one year prior. Lastly, this request is improper and irrelevant to these Defendants who are not the licensee of the facility, were not caregivers of the patient, nor are they the custodian of records of the subject nursing home facility.**

3. A copy of the resume or CV of all persons involved in any way in the search for emails responsive to Plaintiff's Notice to Produce (Set II)

**RESPONSE: These Defendants object to this request as seeking information which is neither relevant nor proportional to the needs of the case pursuant to F.R.C.P. 26(b)(1). This request is also improper and irrelevant to these Defendants who are not the licensee of the facility, were not caregivers of the patient, nor are they the custodian of records of the subject nursing home facility.**

4. An audit trail or other documentation detailing with specificity the methodology utilized by Defendants and their representatives to locate emails responsive to Plaintiff's Notice to Produce (Set II), including but not limited to the total number of emails located for each search term set forth in Request No. 2 and the de-duplicated numbers for each search term.

**RESPONSE: Objection. Overbroad and vague. These Defendants object to this request as seeking information which is neither relevant nor proportional to the needs of the case pursuant to F.R.C.P. 26(b)(1). This request is improper and irrelevant to these Defendants who are not the licensee of the facility, were not caregivers of the patient, nor are they the custodian of records of the subject nursing home facility.**

**THE LAW OFFICE OF JONATHAN D. LEVITAN, LLC**

Dated:  September 23, 2022

By: _/s/ Jonathan D. Levitan_
  Jonathan D. Levitan, Esquire
  PA Attorney I.D. No.:  53098
  430 Williams Road
  Wynnewood, PA  19096
  (484) 413-2935

  *Attorney for Defendants,*
  Apex Global Solutions LLC, Apex
  Healthcare Partners LLC, Jacob Karmel, and
  Nathan Stern

**CERTIFICATE OF SERVICE**

I, the undersigned attorney for Defendants, Apex Global Solutions LLC, Apex Healthcare Partners LLC, Jacob Karmel, and Nathan Stern hereby attest and certify that a true and correct copy of the foregoing Responses to Plaintiff's Requests for Production of Documents (Set II) was served on the following, via electronic mail and/or first-class U.S. Mail, on the date set forth below:

William P. Murray III, Esquire
Matthew Stone, Esquire
Murray, Stone & Wilson, PLLC
One Belmont Avenue
Suite 310
Bala Cynwyd, Pennsylvania 19004
wmurray@mswlawgroup.com
mstone@mswlawgroup.com
*Attorney for Plaintiff*

Lois M. Shenk, Esquire
Cipriani & Werner, PC
450 Sentry Parkway; Suite 200
Blue Bell, PA 19422
(610)567-0700
lshenk@c-wlaw.com
*Attorneys for Defendants, Platinum Healthcare at Westgate, LLC d/b/a Westgate Hills and
Vintage Healthcare, LLC*

**THE LAW OFFICE OF JONATHAN D. LEVITAN, LLC**

Dated:  September 23, 2022               By: */s/ Jonathan D. Levitan*

Jonathan D. Levitan, Esquire

| | |
|---|---|
| NANCY P. TORELLO, as Administrator of the ESTATE OF RAMON J. TORELLO, deceased, | Case No. 2:22-cv-01271 |
|      Plaintiff, | ANSWERING DEFENDANTS, APEX GLOBAL SOLUTIONS, LLC, APEX HEALTHCARE PARTNERS, LLC, JACOB KARMEL, AND NATHAN STERN'S, OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES |
| v. | |
| PLATINUM HEALTHCARE GROUP, LLC; PLATINUM HEALTH AT WESTGATE, LLC, d/b/a WESTGATE HILLS REHABILITATION AND NURSING CENTER; APEX GLOBAL SOLUTIONS, LLC; APEX HEALTHCARE PARTNERS, LLC; VINTAGE HEALTHCARE, LLC; PLATINUM PA HOLDINGS, LLC; 2050 OLD WEST CHESTER PIKE, LLC; JACOB KARMEL and NATHAN STERN, | |
|      Answering Defendants. | |

## **VERIFICATION**

I, I, Jacob Karmel, verify that I am authorized to make this Verification on behalf of Defendants, Apex Global Solutions, LLC and Apex Healthcare Partners, LLC. I have read the averments contained in the foregoing Objections and Responses to Plaintiff's Requests for Production (set II), and verify the factual allegations contained therein are true and correct to the best of my knowledge, information and belief. The language contained therein is that of counsel and not of the undersigned. I understand this Verification is being made subject to the penalties of 28 U.S.C. § 1746, relating to unsworn falsification to authorities.

*Jacob Karmel*
_____
Jacob Karmel, Representative for Defendants, Apex Global Solutions, LLC and Apex Healthcare Partners, LLC

Dated:

## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NANCY P. TORELLO, as Administrator of the ESTATE OF RAMON J. TORELLO, deceased,<br><br>     Plaintiff,<br><br>v.<br><br>PLATINUM HEALTHCARE GROUP, LLC; PLATINUM HEALTH AT WESTGATE, LLC, d/b/a WESTGATE HILLS REHABILITATION AND NURSING CENTER; APEX GLOBAL SOLUTIONS, LLC; APEX HEALTHCARE PARTNERS, LLC; VINTAGE HEALTHCARE, LLC; PLATINUM PA HOLDINGS, LLC; 2050 OLD WEST CHESTER PIKE, LLC; JACOB KARMEL and NATHAN STERN,<br><br>     Answering Defendants.<br><br>_____ / | Case No. 2:22-cv-01271<br><br>ANSWERING DEFENDANTS, APEX GLOBAL SOLUTIONS, LLC, APEX HEALTHCARE PARTNERS, LLC, JACOB KARMEL, AND NATHAN STERN'S, OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES |

---

## <u>VERIFICATION</u>

I, Nathan Stern, have read the averments contained in the foregoing Objections and Responses to Plaintiff's Requests for Production (set II), and verify the factual allegations contained therein are true and correct to the best of my knowledge, information and belief. The language contained therein is that of counsel and not of the undersigned. I understand this Verification is being made subject to the penalties of 28 U.S.C. § 1746, relating to unsworn falsification to authorities.

_____
Nathan Stern

Dated: