**MURRAY, STONE & WILSON, PLLC**
Matthew T. Stone, Esquire
Attorney Identification No. 206409
100 Front Street, Suite 1230
Conshohocken, PA 19428
Phone: (215) 947-5300
Email: mstone@mswlawgroup.com

THIS IS NOT AN ABRITRATION CASE. ASSESSMENT OF DAMAGES IS REQUIRED; JURY TRIAL DEMANDED.

*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NANCY P. TORELLO, as Administratrix for the ESTATE OF RAMON J. TORELLO, deceased<br><br>Plaintiff,<br><br>-vs-<br><br>PLATINUM HEALTHCARE GROUP, LLC; PLATINUM HEALTH AT WESTGATE, LLC, d/b/a WESTGATE HILLS REHABILITATION AND NURSING CENTER; APEX GLOBAL SOLUTIONS, LLC; APEX HEALTHCARE PARTNERS, LLC; VINTAGE HEALTHCARE, LLC; PLATINUM HOLDINGS, LLC; 2050 OLD WEST CHESTER PIKE, LLC; JACOB KARMEL; and NATHAN STERN,<br><br>Defendants. | Civil No. 22-cv-1271 |

### PLAINTIFF'S UNOPPOSED MOTION FOR SETTLEMENT OF WRONGFUL DEATH AND SURVIVAL ACTIONS

AND NOW comes Plaintiff / Movant, Nancy Torello, as Administratrix of the Estate of Ramon Torello, deceased, by and through his counsel, Murray, Stone & Wilson, PLLC, to file the following "Plaintiff's Motion for Settlement of Wrongful Death and Survival Actions", and in support thereof, respectfully represents:

BACKGROUND

1.  Ramon Torello, an adult individual, was a resident at the skilled nursing facility commonly known as Westgate Hills Rehabilitation and Nursing Center (hereinafter "the Facility" or "Westgate"). On April 18, 2020, Ramon Torello died intestate while domiciled in the Commonwealth of Pennsylvania, specifically Delaware County. He was 79 years old at the time of his death.

2.  On October 4, 2021, Plaintiff / Movant Nancy Torello, decedent's wife, was duly qualified as Administrator of the Estate of Ramon Torello by the Register of Wills of Delaware County, Pennsylvania. A copy of the Letters of Administration is attached hereto as Exhibit "1".

3.  Movant engaged the services of Murray, Stone & Wilson, PLLC ("Counsel") to pursue a civil action regarding the circumstances surrounding the injuries and death of his mother, Ramon Torello. A copy of the Fee Contract is attached as Exhibit "2".

4.  A medical professional liability action was filed in the United States District Court for the Eastern District of Pennsylvania on behalf of Ramon Torello for his injuries and death. The lawsuit included causes of action for negligence (including negligence *per se*), survival (pursuant to 42 Pa.C.S. §8302) and wrongful death (pursuant to 42 Pa.C.S. §8301). It is alleged that while in the care of Defendants, Ramon Torello suffered numerous illnesses and injuries, including: falls, fall-related trauma, a subdural hematoma and brain bleed, pain mismanagement, custodial neglect, and ultimately, death. A copy of the Complaint is attached hereto as Exhibit "3".

5.  All Defendants contested and denied any liability and causation in the case.

HEIRS AND CLAIMS

6.  Ramon Torello is survived by his wife Plaintiff / Movant Nancy Torello.

7. Pursuant to 42 Pa.C.S. §8301(b), the following persons are entitled to share in the proceeds of the **wrongful death claim**: Plaintiff / Movant Nancy Torello (wife).[1]

8. The Estate of Ramon Torello, deceased, will receive the proceeds of the **survivorship claims**, ultimately to be distributed in accordance with the laws of Intestate Succession, 20 Pa.C.S. §2101, *et seq*.

## SETTLEMENT

9. Movant has reached agreement with Defendants to settle the claims against them in the action, subject to this court's approval pursuant to 20 Pa.C.S.A. §3323(b).

10. The following settlement has been proposed: in exchange for a release, the Defendants will pay the total amount of $175,000.00 on or before October 6, 2023.

11. This is a full and final settlement that will end this lawsuit.

## LIENS AND CREDITORS

12. The names and status of payment of all liens and estate creditors are as follows:

Lien: Medicare. It is currently estimated that $23,022.78 may be due as reimbursement to Medicare for their lien. A copy of the current conditional payment letter is attached as Exhibit "4." Following approval of this settlement, negotiations will occur with the lien holder to determine the final lien amount. The above amount is subject to change, as negotiations with the lien holder have not yet been concluded. The funds to pay the lien will be sent to the lien holder by Murray, Stone & Wilson, PLLC. If negotiations result in an amount less than the above-

---

[1] A Wrongful Death action exists only for the benefit of the spouse, children or parents of the deceased. *See* 42 Pa.C.S. §8301(b). The damages recovered shall be distributed to the beneficiaries in the proportion they would take the personal estate of the decedent in the case of intestacy and without liability to creditors of the deceased person under the statutes of this Commonwealth. *Id.*

mentioned amount, after any subsequent costs are paid, the savings will be divided equally between the wrongful death and survival claims.

Lien: Medicare Advantage. It is currently estimated that $2,275.96 may be due as reimbursement to Medicare Advantage for their lien. A copy of the current conditional payment letter is attached as Exhibit "5." Following approval of this settlement, negotiations will occur with the lien holder to determine the final lien amount. The above amount is subject to change, as negotiations with the lien holder have not yet been concluded. The funds to pay the lien will be sent to the lien holder by Murray, Stone & Wilson, PLLC. If negotiations result in an amount less than the above-mentioned amount, after any subsequent costs are paid, the savings will be divided equally between the wrongful death and survival claims.

Synergy – An amount of $700.00 is due to Synergy Lien Resolution Services for negotiation and resolution of the liens. This will be sent to Synergy Lien Resolution Services by Murray Stone & Wilson, PLLC. A copy of the Synergy Invoice is attached as Exhibit "6."

13. The Delaware County Register of Wills was contacted on March 29, 2023, and they represented that no claims have been filed against the Estate of Ramon Torello.

## COUNSEL FEES AND EXPENSES

14. Pursuant to the written Fee Contract between Movant and Counsel, Counsel requests a fee in the amount of $70,000.00 (40% of the gross amount recovered). *See* written Fee Contract attached as Exhibit "2."

15. Pursuant to the written Fee Contract between Movant and Counsel, Counsel seeks reimbursement for $ 2,389.67, which represents Counsel's expenses in pursing the litigation against Defendants. *See* Fee Contract attached as Exhibit "2". An itemized statement of Counsel's expenses for which reimbursement is sought is attached hereto as Exhibit "7".

PROPOSED DISTRIBUTION AND ALLOCATION

16. After the above-listed disbursements for counsel fees, expenses, estimated lien, $75,811.59 will be left of the settlement proceeds.

17. Movant requests allocation of the settlement proceeds as follows:

| Category | Percent |
|---|---|
| Wrongful Death Claim | 60% |
| Survival Claim | 40% |

18. The reasons for the requested allocation are as follows:

a. The amount allocated to the Estate for settlement of the <u>Survival claims</u> is sufficient to compensate the Decedent's Estate for the injuries she sustained, as described above.

b. The amount allocated to the wrongful death beneficiaries for settlement of their <u>Wrongful Death claims</u> is sufficient to compensate the wrongful death beneficiaries for the damages they sustained as a result of the loss of their mother. By way of further explanation, and due to the wrongful death of Ramon Torello, the wrongful death beneficiary has suffered a pecuniary loss of the value of her services; namely, the services of society, companionship and comfort. Moreover, the claims of the wrongful death beneficiaries are without liability to the creditors of the Estate of Ramon Torello. *See* e.g. 42 Pa.C.S. §8301(b).[2]

CONCURRENCES

---

[2] The damages recoverable shall be distributed to the beneficiaries in the proportion they would take the personal estate of the decedent in the case of intestacy and without liability to creditors of the deceased person under the statutes of this Commonwealth. 42 Pa.C.S. §8301(b).

19. Counsel for Movant is of the professional opinion that due to the uncertainties of litigation; the proposed settlement is reasonable and is in the best interests of the Estate and wrongful death beneficiaries. The basis for Counsel's opinion is that Defendants have denied any wrongdoing about the care they provided to the Decedent, and the proposed settlement allows this case to be resolved without incurring the expense and delay of continued litigation and a jury trial, with uncertain outcome.

20. Movant Nancy Torello, as Administrator of the Estate of Ramon Torello, deceased, concurs in the proposed settlement and distribution. Her consent is attached.

21. A true and correct copy of this Motion was provided to the Pennsylvania Department of Revenue and its approval of the proposed distribution is attached hereto as Exhibit "8."

## CONCLUSION

22. No hearing is requested.

23. Movant Nancy Torello, as Administrator of the Estate of Ramon Torello, deceased will file a Pennsylvania Inheritance Tax Return for the proceeds of the survival action and will pay the liens and claims as aforesaid.

WHEREFORE, Plaintiff / Movant Nancy Torello, as Administrator of the Estate of Ramon Torello, deceased, requests that an order be entered approving the proposed settlement and authorizing him to make disbursements pursuant to the Motion and to execute all necessary releases, endorse all checks and to make appropriate distribution.

Respectfully submitted,

**MURRAY, STONE & WILSON, PLLC**

DATED: July 12, 2023

BY: */s/ Matthew T. Stone*
Matthew T. Stone, Esquire

## CERTIFICATE OF CONSENT

I, Nancy Torello, as Administrator of the Estate of Ramon Torello, deceased, do hereby certify that I have reviewed the attached PLAINTIFF'S MOTION FOR SETTLEMENT OF WRONGFUL DEATH AND SURVIVAL ACTIONS, concur therewith, and join in this Motion and pray that this court approve the proposed settlement and apportionment.

Dated: 7/1/23

*Nancy Torello*
Nancy Torello, Administrator of the
Estate of Ramon Torello, deceased

## VERIFICATION

I, Nancy Torello, as Administrator of the Estate of Ramon Torello, deceased, hereby certify that the facts set forth in the following Motion are based upon information which I have furnished to counsel, as well as upon information which has been gathered by counsel and/or others acting on my behalf in this matter. The language in the Motion is that of counsel and not my own. I have read the Motion, and to the extent it is based upon information which I have given to counsel, it is true and correct to the best of my knowledge, information and belief. To the extent that the content of the Motion is that of counsel, I have relied upon counsel in making this Verification. I hereby acknowledge that the facts set forth in the aforesaid Motion are made subject to the penalties of 18 Pa.C.S.A. §4904 relating to unsworn falsification to authorities.

Dated: 7/1/23

_____
Nancy Torello, Administrator of the
Estate of Ramon Torello, deceased